### 8731.  NEAL *v.* CITY OF DUBLIN.

GEORGE, J.  1.  Under the amendment to the constitution of this State, ratified at the election held on November 7, 1916, which provides that the Supreme Court shall have jurisdiction "for the trial and correction of errors of law . . in all cases in which the constitutionality of any law of the State of·Georgia or of the United States is drawn in question," the Court of Appeals has authority to determine as to the constitutionality of a municipal ordinance. Cf. *Wright* v. *Macon,* 5 *Ga. App.* 750 (64 S. E. 807).

2. The ordinance of the City of Dublin forbidding, under penalty, "any woman of disreputable character to loiter about the streets or stores of the city . . , who can not prove that [she is] on unavoidable business," is not unconstitutional for any of the reasons assigned.

3. Upon the trial of one charged with violating the ordinance in question, the evidence for the city was as follows:  The character of the accused ·was bad; she had been seen on the streets of Dublin since Christmas; she was merely walking along the street.  The evidence for the defense was as follows:  The accused was a house-servant, and as such she was sent to the city after groceries every day.  She had been out of employment about two weeks, and on the morning of the arrest her former employer had requested her to come to the express office and pay him a debt which she owed him.  While on the trip she was arrested by. the officer.  *Held,* that the evidence did not warrant the conviction of the accused for "loitering" on the street.

4. The judge of the superior court erred in refusing to sanction the certiorari.      *Judgment reversed.  Wade, C. J., and Luke, J., concur.*

DECIDED JUNE 15, 1917.

Petition for certiorari; from Laurens superior court—Judge Kent. February 21, 1917.

By demurrer to the charge against the accused in the recorder's court it was contended that the ordinance on which the charge was based is void and unconstitutional, because:  (1) "it abridges, curtails, and affects the liberty of this defendant without due process of law, and is violative of section 1, paragraph 3, of the constitution of the State of Georgia;" and (2) "it undertakes to prosecute persons of bad character or reputation, which bad character or reputation must be proved to make out said case; and to prove said bad character or reputation will be putting in evidence

the character of the defendant, which is violative of the general law of the State of Georgia providing that character or reputation of any one can not be inquired into unless first put in evidence by the defendant; and therefore is violative of section 1, paragraph 3, of the constitution of the State."

*W. A. Dampier,* for plaintiff in error.