STOCKER ET AL., APPELLEES, *v.* WOOD ET AL., APPELLANTS.

[Cite as Stocker v. Wood, 18 Ohio App. 2d 34.]

(No. 10675—Decided January 27, 1969.)

*Messrs. Frederick, Wood, Weber & Worth,* for appellees.

*Mr. Melvin G. Rueger* and *Mr. Arthur M. Ney,* for appellants.

HILDEBRANT, J. The petition herein is for declaratory judgment and mandatory injunction. The notice of appeal is from the granting of a mandatory injunction accompanied by the filing of a bill of exceptions containing all the evidence and has been treated as an appeal on questions of law and fact relying on the record made below.

Fourteen property owners petitioned the zoning authorities to reclassify twelve parcels of land owned by them and located on the east side of Winton Road, Springfield Township, Hamilton County, Ohio, and directly across from the Brentwood Shopping Center, from an "O" office zone district to an "E" retail business district.

The zoning authorities recommended denial of the petition and the Board of County Commissioners in its legislative capacity adopted a resolution of denial retaining the "O" office zone in effect.

Plaintiffs filed a declaratory judgment action seeking to have the "O" classification declared unconstitutional as applied to their parcels of land and asking a mandatory injunction ordering defendants to rezone from "O" office to "E" retail business.

The Common Pleas Court held:

"That the zoning resolution for the Unincorporated Territory of Hamilton County, Ohio, in the classification of plaintiffs' property in the 'O' office district unreasonably

restricts the use of said property without any bearing on the public health, safety, convenience, comfort, prosperity, or general welfare and constitutes an unreasonable exercise of the police power on the part of the Board of County Commissioners of Hamilton County, Ohio, and that said zoning resolution is unreasonable, arbitrary, discriminatory, and therefore, invalid and unconstitutional as applied to plaintiffs' property, in that said zoning resolution takes plaintiffs' property without due process of law and without just compensation therefor.

"The court issues a mandatory injunction against the defendants, Board of County Commissioners of Hamilton County, Ohio, that they grant plaintiffs' application for a zoning reclassification from 'O' office to 'E' retail business."

To overcome the presumption of regularity and validity with which the action of defendants is clothed, it is incumbent upon the plaintiffs to produce clear and convincing proof of its invalidity. The court has carefully examined the record before it and finds a complete failure on the part of plaintiffs to comply with their burden of proof or to overcome the effect of the defendants' evidence.

In addition, we think it is clear that the court was and is without power to enjoin a legislative act.

It is further clear that defendant commissioners in adopting or amending or refusing to amend comprehensive zoning legislation are acting in a legislative capacity and are not amenable to the Administrative Appeals Act, Chapter 2506, Revised Code.

Upon the authority of *Remy* v. *Kimes*, 175 Ohio St. 197; *Berg* v. *Struthers*, 176 Ohio St. 146; *Tuber* v. *Perkins*, 6 Ohio St. 2d 155; and *In re Appeal of Manning*, 117 Ohio App. 55, a decree appropriate to a judgment for defendants herein may be presented.

*Judgment accordingly.*

LONG, P. J., and SHANNON, J., concur.