ESPY ET AL., APPELLEES, *v.* VILLAGE OF MONTGOMERY ET AL., APPELLANTS.

(No. 11479—Decided September 20, 1971.)

*Messrs. Santen, Santen & Hughes,* for appellees.

*Mr Richard B. Dusterberg,* solicitor, village of Montgomery, Ohio, and *Messrs. Loeb, Ney & Vollman,* for appellants.

YOUNG, J. This is an appeal from a judgment and final order of the Common Pleas Court of Hamilton County, Ohio, declaring Ordinance No. 18 of the village of Montgomery to be invalid and unconstitutional, as it affects property owned by the plaintiffs, appellees herein, and that the zoning of the property described in that action does not bear a real or substantial relation to the public health, safety, morals or general welfare, and is unreasonable and arbitrary.

The Council of the village of Montgomery, Ohio, on December 13, 1967, adopted Ordinance No. 18 which codified, renumbered and revised all of the existing ordinances of the village. Included in this ordinance was Title XV containing three chapters, one each on "Subdivision Regu-

lations," "Zoning Code," and "Building Code"; Section 151.04 (B)(1) placed the subject property in an "A Residence" zone, with the usages permitted under Section 151.06.

On July 12, 1968, the plaintiffs purchased the subject property which is located at the south line of the corporate limits of the village of Montgomery, Ohio, contiguous to the unincorporated area of Hamilton County known as Kenwood.

Thereafter, plaintiffs filed an application with the Planning Commission of the village of Montgomery, Ohio, the defendants herein, requesting that a part of the land recently acquired be zoned for gasoline service station use. The application was denied by the Planning Commission and thereafter the Council of the village of Montgomery followed the recommendation of the Planning Commission and also denied the application.

On November 12, 1969, plaintiffs filed an action in the Common Pleas Court of Hamilton County, Ohio, seeking a declaratory judgment as to the validity and constitutionality of Ordinance No. 18 of said village and for a mandatory injunction directing the Building Commissioner of the village of Montgomery to issue a permit for the construction of a gasoline service station on the premises. The latter matter, requesting the injunction, was withdrawn and stricken by agreement of the parties.

The petition alleges that the plaintiffs "applied to the Building Department of the village of Montgomery for a permit to construct a gasoline service station on the described property and that said application was refused as the proposed location was situated in the 'Residence A District' which does not permit a gasoline service station."

The answer of the defendants admits that the Council enacted the zoning ordinances in question, admits the ownership of the property in question by the plaintiffs and admits the plaintiffs' request for zoning and the denial of that request by the Planning Commission and Council.

The answer denies all the other allegations of the petition, which would include the allegation that an ap-

plication was made for a building permit for the construction of a gasoline service station. This denial puts in issue the question of such an application and the refusal to issue the same.

Evidence was presented by both parties and there after the court wrote an opinion finding that "Ordinance No. 18 adopted December 13, 1967, as it affects the plaintiffs' (appellees') property, is invalid and unconstitutional." However, the bill of exceptions does not disclose that there was any evidence before the trial court of an application to the Building Department, or to any other department or representative of the village of Montgomery, for a permit to construct a gasoline service station on the premises of the appellees.

In the absence of evidence of an application for such a permit and the refusal by the designated officials to issue such a permit and the exhaustion of all procedural steps through the various administrative bodies of the village of Montgomery, the Common Pleas Court was without jurisdiction to review the action of the Council of the village of Montgomery in adopting Ordinance No. 18, which was clearly a legislative action, as was determined in *Tuber* v. *Perkins,* 6 Ohio St. 2d 155, and *Berg* v. *Struthers,* 176 Ohio St. 146.

In the unreported case of *Shelby Realty, Inc.,* v. *Springdale,* decided by this court on February 16, 1971, we said:

"In the case of *Sibarco Corp.* v. *City of Berea,* 7 Ohio St. 2d 85, the Supreme Court established that the proper procedure for an aggrieved party to obtain judicial review of a city council's denial of an application to rezone or authorize a variance is to present an application for a building permit to the building commissioner or other administrative officer charged with the duty of issuing such permits. If the permit is refused by the commissioner, the aggrieved party must then exhaust his administrative remedies by appeal to the Board of Zoning Appeals. If that Board upholds the action of the Commissioner's refusal to grant a permit, the applicant for the permit has

the right to judicial review by appeal to the Court of Common Pleas, pursuant to Chapter 2506 of the Ohio Revised Code.''

A motion to certify this case was overruled by the Supreme Court on June 21, 1971, which, in effect, reaffirmed the court's position in *Sibarco, supra.*

The defendants herein allege three assignments of error. The first assignment of error is that the trial court erred in its determination and application of the degree of proof necessary and required to overcome the presumptions and evidence of defendants.

The second assignment of error is that the trial court was in error when it found that Ordinance No. 18, adopted December 13, 1967, was invalid and unconstitutional, thereby commanding defendants to grant a gasoline service station permit use on ''A Residence'' zoned property.

The third assignment of error is that the judgment of the Court of Common Pleas is against the manifest weight of the evidence.

As indicated hereinabove, this Court finds that the Court of Common Pleas of Hamilton County, Ohio, was without jurisdiction to hear an appeal from the legislative action of the Council of the village of Montgomery. However, in view of the provisions of Rule 12 of the Rules of Appellate Procedure, we will now pass upon each of the assignments of error briefed and argued in this appeal.

Since the ''degree of proof'' raised in the first assignment of error is naturally and logically involved in the question of the ''weight of the evidence'' raised in the third assignment of error, we will treat both problems at the same time.

The trial court was called upon to pass on the action of the Council of the village of Montgomery in enacting and amending zoning ordinances for that political subdivision. The Supreme Court of Ohio has declared in *Tuber* v. *Perkins* and *Berg* v. *City of Struthers, supra*, that the enactment and amendment of zoning ordinances or resolutions constitute a legislative action on the part of city or village councils, township trustees and county commissioners.

This Court of Appeals, in *Stocker* v. *Wood*, 18 Ohio App. 2d 34, stated in the third paragraph of the syllabus: "A person who seeks to overcome the presumption of regularity and validity with which the action of a board of county commissioners in refusing to amend a comprehensive zoning regulation is clothed must produce clear and convincing proof of its claimed invalidity."

In its judgment entry, the trial court said "that there is evidence of a substantial nature * * *."

10 Ohio Jurisprudence 2d 253, Constitutional Law, Section 171 states: "The presumption of constitutionality continues until the invalidity of an enactment appears, or, as is frequently said, until its invalidity is 'proved,' beyond all reasonable doubt, or, as is sometimes expressed, 'beyond a rational doubt,' or, 'beyond every substantial doubt.' "

In *Willott* v. *Village of Beachwood*, 175 Ohio St. 557, 559, Justice O'Neill, now Chief Justice, said, in part:

"Where the council of a municipality makes a determination of land-use policy which involves the control of traffic * * * and the land use consistent with the best interests of the general welfare and prosperity and development of the community as a whole, does the court have authority to invalidate such ordinance in the absence of a showing that such power has been exercised in such an arbitrary, confiscatory and unreasonable manner as to be in violation of constitutional guaranties?

"The answer to this question is that the courts are without authority to interfere."

Further on in the decision, at the same page, the court said:

"The power of the court in such matters as this is extremely limited, and the court can not usurp the legislative function by substituting its judgment for that of the council. Municipal governing bodies are better qualified, because of their knowledge of the situation, to act upon these matters than are the courts."

At page 560 the court also said:

"The legislative, not the judicial, authority is charged with the duty of determining the wisdom of zoning regula-

tions, and the judicial judgment is not to be substituted for the legislative judgment in any case in which the issue or matter is fairly debatable.

"Even though the court, on the facts presented, might decide otherwise than did council, so long as the matter is reasonably debatable, the court has no authority to interfere."

The record in this case demonstrates that the question was a fairly debatable one and does not adequately support the decision of the trial court that the action of the Council of the village of Montgomery was so arbitrary, confiscatory or unreasonable as to be invalid or in violation of constitutional guaranties.

With reference to the second assignment of error, the wording of the trial court's "opinion" and the "entry" drawn pursuant thereto, both state that Ordinance No. 18, which the record discloses is the entire body of ordinances for the village of Montgomery, as it affects the plaintiffs' (appellees') property, is invalid and unconstitutional. The choice of words does create the problem of apparently exempting this particular piece of property from any control by any of the authorities of said village. Common sense dictates that this was not the intention of the court or counsel and in view of the decision of this Court, expressed hereinabove, the Court finds it unnecessary to comment further as to this second assignment of error.

The judgment and final order of the Court of Common Pleas of Hamilton County, Ohio is reversed and final judgment awarded to the defendants.

*Judgment reversed.*

HESS, P. J., and SHANNON, J., concur.