CITY OF ST. LOUIS, Plaintiff-Respondent,

v.

Selena BURTON and Betty Wilson, Defendants-Appellants.

Nos. 55727–55729.

Supreme Court of Missouri, Division No. 1.

April 10, 1972.

Robert W. Van Dillen, City Counselor, Raymond J. Issa, Asst. City Counselor, St. Louis, for plaintiff-respondent.

Bell, Fullwood, Wilson & Harris, by James Bell, Allen I. Harris, St. Louis, for defendants-appellants.

WELBORN, Commissioner.

Consolidated appeals in three cases from judgments of the St. Louis Court of Criminal Correction finding appellants guilty of violation of ordinances of the City of St. Louis. Jurisdiction of the appeals in this court is premised upon appellants' attack on the constitutionality of the ordinances involved.

### No. 55,727

Selena Burton was charged with violation of § 765.010, Ordinance 50549 of the Revised Ordinances of the City of St. Louis, 1960, as follows:

"No person shall loiter at the corner of streets, or in the vicinity of any place of amusement, or hotel, or public building, or thoroughfare, and refuse to disperse or vacate such places when requested so to do by a police officer."

Officer Kleinsorge of the St. Louis Police Department testified that, at 2:00 A. M., July 10, 1968, he was patrolling in the vicinity of 5100 Delmar when he saw Selena Burton and three or four other women on the sidewalk in front of 5151 Delmar. He asked them to leave because they were blocking the sidewalk. In response to the city attorney's inquiry as to whether the women moved on his order, the officer replied:

"Had to go to the district station, my partner made a relief, came back a half hour later seen the two defendants along with other females were still standing the position had moved down the street between 5149 and 5151 Delmar standing on the sidewalk."

The defendant ran when the officer approached. He apprehended her and placed her under arrest for loitering. The Court of Criminal Correction found defendant guilty and assessed a $200 fine.

█ In the court below and here, appellant challenges the constitutionality of the loitering ordinance on numerous grounds. That issue need not be reached because the contention that the judgment is not supported by substantial evidence must be sustained. The officer did not testify what happened when he ordered defendant to leave the sidewalk in front of 5151 Delmar. The only evidence was that half an hour later defendant was in front of 5149 Delmar. The police officer's testimony showed that she had moved to that location. The record does not show what distance might have been involved but since the record does not show that the defendant refused to disperse or vacate the sidewalk at the police officer's direction, there is no basis for a finding of violating the ordinance and the judgment must be reversed.

### Nos. 55,728 and 55,729

Selena Burton and Betty Wilson were charged with violation of § 773.020, Ordinance No. 50549 of the Revised Ordinances of 1960 of the City of St. Louis, as follows:

"No prostitute, or lewd woman, or female inmate of a bawdy house, or house of prostitution, or of assignation, brothel or house

of bad repute, shall wander about the streets in the nighttime, or frequent places of public resort."

Neither of these appellants has challenged the sufficiency of the evidence. In each case, the essence of the evidence against the defendant was testimony of a police officer that the defendant was a known prostitute and that each was seen at night, in the 5100 block of Delmar Boulevard, waving at passing motorists.

Appellants attack the ordinance as invalid under federal and state constitutional limitations because of vagueness and overbreadth. See Scott v. District Attorney, 309 F.Supp. 833 (E.D., La.), and Douglas v. Pitcher, 319 F.Supp. 706, 710 [2] (E.D., La.), for discussion of distinction between "vagueness" and "overbreadth."

In recent years, numerous statutes and ordinances dealing with "vagrancy" have been attacked on the grounds here asserted. See Annotation, "Validity of Vagrancy Statutes and Ordinances," 25 A.L.R.3rd 792.

In Papachristou v. City of Jacksonville, 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110, decided February 24, 1972, the United States Supreme Court held invalid for vagueness and overbreadth an ordinance which included in the definition of vagrants "persons wandering or strolling around from place to place without any lawful purpose or object, * * *." In Ricks v. District of Columbia, 134 U.S.App.D.C. 201, 414 F.2d 1097, the court found invalid a definition of "vagrant" which included (414 F.2d 1100): "(8) Any person who wanders about the streets at late or unusual hours of the night without any visible or lawful business and not giving a good account of himself."

In speaking of this provision, the court stated (414 F.2d 1107 [11], [12]):

"[11] The proscription against wandering has no built-in criterion whatever for ascertainment of the kind or degree of movement prohibited. Nor does the statute attempt to give content to the expression 'without any visible or lawful business.' As construed by the District of Columbia Court of Appeals, this phrase 'does not refer to the ordinary vocation of the person but has reference to the purpose of being on the street, and business is not limited to the pursuit of monetary gain. One may have lawful business on the street even though he is there merely for exercise or recreation or any other proper purpose.'

"[12] This appears to be a logical reading of the statutory language, but what it means is that law enforcement officers may arrest a person who 'wanders' on the streets late at night without 'any proper purpose.' A police officer must first make an unguided determination as to whether in one's activity on the streets he 'wanders.' Coupled with the requirement that the wanderer give 'a good account' of himself, it is evident that the officer must then make an equally unassisted judgment as to whether the purpose is 'proper.' Subsection (8) is thus a grant of an unfettered discretion— to administrative and judicial authorities alike—to regulate movement on the public streets. This is plainly much more than the Constitution tolerates."

In Ricks v. United States, 134 U.S.App.D.C. 215, 414 F.2d 1111, the court had before it a District of Columbia "Narcotic Vagrancy" act which defined as a "vagrant" a person who was a narcotic drug user or who had been convicted of a narcotic offense and who (414 F.2d 1113) "(C) wanders about in public places at late or unusual hours of the night, either alone or in the company of or association with a narcotic drug user or convicted narcotic law violator, and fails to give a good account of himself; * * *." In holding the

statute unconstitutional for vagueness, the court found the (414 F.2d 1115) "same fatal statutory generalities discussed in Ricks [v. District of Columbia]," supra, including the term "wanders."

 From the foregoing authorities it is clear that an attempt to define as criminal "wandering the streets" is constitutionally prohibited on grounds of both vagueness and overbreadth. Nor, under Ricks v. United States, supra, does it matter that the statute or ordinance is limited to a class of persons who may be otherwise engaged in prohibited activity.

 The city relies on earlier cases, such as Dunn v. Commonwealth, Ky.App., 105 Ky. 834, 49 S.W. 813, decided in 1899, Neal v. City of Dublin, 20 Ga.App. 263, 92 S.E. 1021, decided in 1917, and Coker v. City of Fort Smith, Arkansas, 162 Ark. 567, 258 S.W. 388, decided in 1924, which upheld ordinances similar to that here involved. However, the basis for invalidity asserted in those cases was not the constitutional grounds here urged. See also State v. Mc-Corvey, 262 Minn. 361, 114 N.W.2d 703, decided in 1962. Those authorities are not persuasive, particularly in view of the recent pronouncements on the federal constitutional problems presented by such an enactment. Although those cases have dealt with enactments punishing "vagrants," there can be no difference between such an enactment which punishes one for the status which the activity produces and one, such as this, which directly punishes for the activity. Under such authorities, this ordinance may not be sustained.

Judgments reversed.

HIGGINS, C., concurs.

PER CURIAM.

The foregoing opinion by WELBORN, C., is adopted as the opinion of the court.

All of the Judges concur.