**Patricia Ann PROFIT, Phyllis Johnson, Ola Faye Hay, Appellants,**

v.

**The CITY OF TULSA, Appellee.**

**Nos. M–79–136, M–79–135, M–79–134, and M–79–45.**

Court of Criminal Appeals of Oklahoma.

Sept. 11, 1980.

As Corrected Nov. 21, 1980.

Ronald H. Mook, Tulsa, for appellants.

Waldo F. Bales, City Atty. by Richard J. Kallsnick, Asst. City Atty., Tulsa, for appellee.

## OPINION

CORNISH, Presiding Judge:

The appellants were convicted in the Municipal Court of the City of Tulsa for the

Offense of Loitering for the Purpose of Prostitution in Case Nos. 257530, 258125, 258126 and 257832. Punishment ranged from thirty (30) to sixty (60) days.

Some of the acts forming the basis for the appellants' convictions were: (1) Standing in the doorway of a house and yelling at the male occupant in an automobile; (2) Holding the front door of a house open and waiving to occupants of cars to come in; and (3) Calling out to a male passerby. Because the issues raised on appeal in each case are identical we have consolidated the cases for review.

The appellants assert that the ordinance under which they were convicted is unconstitutional. That ordinance, Title 27, Tulsa Rev. Ordinances ch. 6, § 154(c), provides as follows:

It shall be an offense for any person to:

\* \* \* \* \* \*

C. Loiter in or near any street or place open to the public in a manner and under circumstances manifesting the purpose of enticing, inducing, soliciting or procuring another to commit an act of prostitution. Among the circumstances which may be considered in determining whether such purpose is manifested are:

1. Such person is a known prostitute or known pimp and *repeatedly* beckons to stop, attempts to stop or engages male passersby in conversation.

2. Such person is a known prostitute or known pimp and *repeatedly* stops or attempts to stop motor vehicle operators by hailing, waiving of arms or any other bodily gestures. (Emphasis added)

The ordinance is attacked as:

A. Being overbroad, vague and discriminatory;

B. Creating a suspect class of persons;

C. Denying equal protection.[1]

Specifically it is argued that the ordinance creates a status crime. See *Profit v. City of Tulsa*, Okl.Cr., 574 P.2d 1053 (1978).

 Status alone is generally insufficient to constitute a crime. See *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962). It is clear from a careful reading of the ordinance that mere status as a prostitute or pimp is not made criminal by this ordinance. It is equally clear, however, that the ordinance does make criminal certain acts, innocent in and of themselves, if done by a "known prostitute or known pimp." Although the ordinance tends to regard "status" as a circumstance indicating the intent of a person loitering, plainly the circumstance can control whether the ordinance has been violated. In this sense, "status" becomes not the offense but, rather, an element of the offense. See *City of Detroit v. Bowden*, 6 Mich.App. 514, 149 N.W.2d 771 (1967).

 Whether status is the offense or whether it is merely an element thereof is irrelevant. The ordinance suffers from the same constitutional infirmities in either case. *Compare Brown v. Municipality of Anchorage, Alaska*, 584 P.2d 35 (1978), with *City of Detroit v. Bowden*, supra. A person should be convicted only for what he does, not for what he is.[2] Under the present ordinance the act or acts required to be done in conjunction with being a known prostitute or pimp are otherwise not criminal in most situations. The ordinance reaches beyond conduct which is calculated to harm and could be used to punish conduct which is essentially innocent. *Ricks v. District of Columbia*, 134 U.S.App.D.C. 201, 414 F.2d 1097 (1968). We find this ordinance is overbroad. It could be used to punish the mere act of waving or calling out to a friend. It goes beyond the reach of the State's police powers and is, therefore, unconstitutional. *Hayes v. Municipal Court of Oklahoma City*, Okl.Cr., 487 P.2d 974

---

1. For a broad overview of cases determining the validity of loitering ordinances and the grounds upon which the ordinances are generally attacked see Annot., 25 A.L.R.3d 836 (1969).

2. See Lacey, *Vagrancy and Other Crimes of Personal Condition*, 66 Harvard L.Rev. 1203 (1953). See also Murtagh, *Status Offenses and Due Process of Law*, 36 Fordham L.Rev. 51 (1967).

(1971); *Switzer v. City of Tulsa*, Okl.Cr., 598 P.2d 247 (1979).

Because this ordinance is unconstitutional on its face we find it unnecessary to address the remaining grounds urged for reversal. Accordingly, we hold the ordinance is null and void, and the convictions obtained cannot stand. The cases are REMANDED to the trial court with instructions to dismiss.

BRETT and BUSSEY, JJ., concur.