**William H. CHRISTIAN, Plaintiff-Appellant,**

v.

**CITY OF KANSAS CITY, Missouri, Defendant-Respondent.**

**No. WD 37219.**

Missouri Court of Appeals, Western District.

March 25, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 24, 1986.

Application to Transfer Denied June 17, 1986.

Jeffrey P. Hiles, Susan M. Kephart, Kansas City, for plaintiff-appellant.

Edward B. Rucker, Asst. City Prosecutor, Kansas City, for defendant-respondent.

Before LOWENSTEIN, P.J., and TURNAGE and BERREY, JJ.

PER CURIAM:

■ William Christian, plaintiff-appellant, appeals a summary judgment which upholds section 26.161(c) of the Revised Ordinances of Kansas City, Missouri, Loitering to Solicit Prostitution, in the face of a constitutional attack under the United States Constitution as well as the Missouri State Constitution. This court reverses.

The ordinance in question reads as follows:

No person shall loiter in or near any street or public place in a manner and under circumstances manifesting the purpose of inducing, enticing, soliciting or procuring another to commit an act of prostitution. Circumstances which may be consider in determining whether such purpose is manifested include but are not limited to:

(1) That such person is a known prostitute or panderer;

(2) That the person repeatedly beckons to, stops, or attempts to stop, or engages passersby in conversation;

(3) That the person repeatedly stops or attempts to stop motor vehicle operators by hailing them or gesturing to them.

Subsection (a) of this ordinance defines "a known prostitute or panderer" as "any person who, within one year prior to the date of arrest for violation of this section, has, within the knowledge of the arresting officer, been convicted of violating any law defining and punishing acts of soliciting, committing, or offering or agreeing to commit prostitution." The parties stipulated that plaintiff had been convicted of solicitation within one year of the filing of this action.

Plaintiff, in his declaratory judgment action, and here on appeal, asserts the existence of this ordinance jeopardizes his freedom of speech and association rights and subjects him to arbitrary arrests and unwarranted prosecutions. Hence, the ordinance is tested for its constitutional validity.

A declaratory judgment is a vehicle to protect an individual from the deprivation of his legal rights before any actual injury occurs. *State ex rel. Eagleton v. McQueen,* 378 S.W.2d 449, 452 (Mo. banc 1964). These rights are in a state of uncertainty and insecurity. *Marshall v. Kansas City,* 355 S.W.2d 877, 879 (Mo. banc 1962). This is particularly true in a first amendment context. *Ferguson Police Officers v. City of Ferguson,* 670 S.W.2d 921, 925 (Mo.App.1984). Regardless of what vehicle is used, statutes or, in this case, ordinances, unless clearly repugnant, are construed to exist in constitutional harmony. *Chamberlin v. Missouri Elections Commission,* 540 S.W.2d 876, 879 (Mo. banc 1976); *State v. Hampton,* 653 S.W.2d 191, 194 (Mo.1983).

■ An ordinance, however, may be struck down as being constitutionally antagonistic through the application of the overbreadth doctrine when it attempts to restrict an individual's constitutionally protected actions and associations. *Chamberlin, supra,* at 81; *City of St. Louis v. Burton,* 478 S.W.2d 320 (Mo.1972). By analogy in the free speech context, the Supreme Court in *Broadrick v. Oklahoma,* 413 U.S. 601, 612, 93 S.Ct. 2908, 2916, 37 L.Ed.2d 830 (1973), stated that "it has been the judgment of this court that the possible harm to society in permitting some unprotected speech to go unpunished is outweighed by the possibility that protected speech of others may be muted and perceived grievances left to fester because of the possible inhibitory effects of overly broad statutes." The above proposition comfortably extends to the situation presented here.

The Missouri Supreme Court in *City of St. Louis v. Burton, supra,* found a loiter-

ing ordinance void which precluded "wander[ing] about streets in the nightime or frequent places of public resort" by, among others, prostitutes and "lewd" women. *Id.,* at 321. The court struck down the St. Louis ordinance as being both vague and overbroad as "wandering the streets" is a constitutionally protected activity. The court found this ordinance was not saved by its limitation to a defined class of persons. *Id.* at 323.

In the case at bar, the ordinance prohibits loitering with the purpose of committing illegal actions e.g., solicitation. One circumstance, indicative of purpose, according to its drafters, is the person who is loitering "is a known prostitute or panderer." It is significant that a person cannot be punished solely on the basis of his status. *See Robinson v. California,* 370 U.S. 660, 82 S.Ct. 1417, 86 Ed.2d 758 (1962). (Being an alcoholic is not a crime in and of itself.) It is irrelevant that a person's "status" is merely an element of the crime as opposed to a completed offense. *Profit v. City of Tulsa,* 617 P.2d 250, 251 (Okla.Crim.App. 1980). In *Profit v. City of Tulsa, supra,* at 251, the court stated that "[a] person should be convicted only for what he does, not for what he is."

Similarly, innocuous behavior such as repeatedly beckoning to passersby or repeatedly hailing motor vehicles is a constitutionally protected activity. *See Johnson v. Carson,* 569 F.Supp. 974, 978 (M.D.Fla. 1983) (A similar ordinance was struck down as being overboard because it prohibited protected activity). In *Profit v. City of Tulsa, supra,* the court held invalid a similar loitering for the purposes of solicitation ordinance.[1] It stated:

> The ordinance reaches beyond conduct which is calculated to harm and could be used to punish conduct which is essen-

tially innocent. We find this ordinance is overboard. It could be used to punish the mere act of waving or calling out to a friend. It goes beyond the reach of the State's police powers and is, therefore, unconstitutional. (Cites omitted).

*Id.* at 251.

If the circumstances which allegedly reflect one's illicit intentions were held to be well grounded in constitutional jurisprudence, this court would have to condone potential arrests and convictions for behavior that Americans freely and innately enjoy: window shopping, waiting on the corner for a bus, waving to friends, or hailing a taxicab. *Brown v. Municipality of Anchorage,* 584 P.2d 35, 37 (Alaska 1978) (Ordinance prohibiting loitering for the purpose of solicitation of prostitution was held void for vagueness). *See also Papachristou v. City of Jacksonville,* 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110 (1972), (Loitering ordinance was held to be a potential trap for innocent acts). In *Brown v. Anchorage, supra,* at 37, the court emphasized "that a previously convicted prostitute or panderer could stand on a public street corner or walk slowly down a public sidewalk only at the whim of any police officer."

Based on this ordinance, this court cannot permit the city to leave the task of differentiating between "casual street encounters" from "obvious" acts reflecting the state of mind needed for solicitation to the law enforcement officers and the courts. *Compare People v. Smith,* 44 N.Y.2d 613, 407 N.Y.S.2d 462, 378 N.E.2d 1032 (1978), (Similar statute held to be valid against an attack that police had unfettered discretion to make arrests based on innocent activity).[2] *With Johnson v. Carson, supra,* at 979. (Quoting from *Papa-*

---

[1]  The Tulsa ordinance uses the same overt acts as seen in section 26.161 but they are used in conjunction with a person's status rather than as a separate circumstance to evaluate whether the individual is loitering for the *purpose of solicitation.*

[2]  Other jurisdictions have upheld constitutional attacks to similar ordinances/statutes as in the

instant case: *City of Akron v. Massey,* 56 Ohio Misc. 22, 381 N.E.2d 1362 (Mun.Ct. of Akron 1978); *In the Matter of D.,* 27 Or.App. 861, 557 P.2d 687 (1976), *app. dismissed,* 434 U.S. 914, 98 Ct. 385, 54 L.Ed.2d 271 (1977); *City of Seattle v. Jones,* 79 Wash. 2d 626, 629, 488 P.2d 750 (1971). *See also Johnson v. Carson, supra,* at 976, fn. 2.

**14**

*christou, supra,* at 405 U.S. at 165, 925 S.Ct. at 845 " 'it would certainly be dangerous if the legislature could set a net large enough to catch all possible offenders, and leave it to the courts to step inside and say who could be rightfully detained, and who should be set at large' "). This court cannot visualize a "substantial number" of fact patterns where this ordinance would be constitutionally applicable preventing an attack based on facial overbreadth. *See Ferguson, supra,* at 929. Nor can this court devise a limiting construction to cure its deficiencies. *See Broadrick, supra,* at 413 U.S. at 613, 93 S.Ct. at 2916, 37 L.Ed.2d 830.

From the foregoing analysis, this court holds the loitering ordinance unconstitutionally overbroad under both the United States and the Missouri Constitutions. It is unnecessary to address the other point raised on appeal.

Judgment reversed.