The STATE of Ohio;  City of Youngstown, Appellee,

v.

ROSA, Appellant.

[Cite as *State v. Rosa* (1998), 128 Ohio App.3d 556.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

Nos. 95 C.A. 262 and 95 C.A. 263.

Decided June 23, 1998.

*Dionne M. Almasy,* City Prosecutor, for appellee.

*Emmor F. Snyder,* for appellant.

---

GENE DONOFRIO, Presiding Judge.

Defendant-appellant, Carmelo Rosa, appeals from decisions rendered in the Youngstown Municipal Court, finding appellant guilty of unfair or deceptive acts or practices in connection with consumer transactions in violation of Youngstown City Ordinance 727.02(a).

On July 10, 1995 and July 20, 1995, the city of Youngstown filed complaints against appellant, charging that appellant violated C.O. 727.02(a).

The charges brought forth against appellant, a business owner, stemmed from a consumer transaction conducted on January 31, 1995, in which appellant accepted money from Mildred Montalvo for services and permitted more than eight weeks to elapse without completing the services ordered. Also, on June 3, 1995, appellant accepted $100 from Tonya Stevens to repair her automobile and permitted eight weeks to elapse without giving Stevens an estimate for repairs or seeking permission to perform such repairs. Appellant refused to release Stevens's car upon her request.

In separate trials to the court, appellant was found guilty on both charges of committing an unfair or deceptive act or practice in connection with a consumer transaction in violation of Youngstown City Ordinance 727.02(a). On December 5, 1995, the trial court sentenced appellant to six months of incarceration in a minimum security facility for each violation of C.O. 727.02(a) to run concurrently. On December 22, 1995, appellant filed a timely notice of appeal. Appellant filed separate, but identical, briefs in support of his appeal of both convictions. As such, both appeals will be considered together.

In the first assignment of error, appellant argues:

"The ordinance, the provisions of which the defendant was found guilty, is in abrogation to powers conferred on municipalities under the provisions of the Constitution of Ohio, Article XVIII, section 3."

Appellant argues that Youngstown City Ordinance 727.01 *et seq.* and the Substantive Rules incorporated therewith ("Substantive Rules") are in conflict with the Ohio Consumer Sales Practices Act found in R.C. 1345.01 *et seq.* Thus, appellant contends, the ordinance is unconstitutional because it is in violation of Section 3, Article XVIII, Ohio Constitution..

The standard of review for determining the constitutionality of an ordinance was articulated in *Akron v. Parrish* (Mar. 10, 1982), Summit App. No. 10385, unreported, 1982 WL 5902:

"It is well settled that legislative enactments benefit from a strong presumption of constitutionality. *Xenia v. Schmidt* (1920), 101 Ohio St. 437, 130 N.E. 24; *State ex rel. Lourin v. Indus. Comm.* (1941), 138 Ohio St. 618 [21 O.O. 490], 37 N.E.2d 595; *American Cancer Society[,] Inc. v. Dayton* (1953), 160 Ohio St. 114 [51 O.O. 32], 114 N.E.2d 219; *State ex rel. Dickman v. Defenbacher* (1955), 164 Ohio St. 142 [57 O.O. 134], 128 N.E.2d 59; *State ex rel. Jackman v. Court of Common Pleas of Cuyahoga County* (1967), 9 Ohio St.2d 159 [38 O.O.2d 404], 224 N.E.2d 906; *Ohio Public Interest Action Group v. Public Util. Comm.* (1975), 43 Ohio St.2d 175 [72 O.O.2d 98], 331 N.E.2d 730; and *State v. Renalist, Inc.* (1978), 56 Ohio St.2d 276 [10 O.O.3d 408], 383 N.E.2d 892. In construing legislative enactments, the courts are bound to avoid an unconstitutional construction if it is reasonably possible to do so. *Co-Operative Legislative Committee v. Public Util. Comm.* (1964), 177 Ohio St. 101 [29 O.O.2d 266], 202 N.E.2d 699; *Schneider v. Laffoon* (1965), 4 Ohio St.2d 89 [33 O.O.2d 468], 212 N.E.2d 801; *Bedford Hts. v. Tallarico* (1971), 25 Ohio St.2d 211 [54 O.O.2d 321], 267 N.E.2d 802; *United Air Lines v. Porterfield* (1971), 28 Ohio St.2d 97 [57 O.O.2d 288], 276 N.E.2d 629, app. dismd. (1972), 407 U.S. 917, 92 S.Ct. 2461, 32 L.Ed.2d 803. Moreover, one who challenges the constitutionality of a legislative enactment bears the burden of proving its invalidity 'beyond a reasonable doubt.' *Miami County v. Dayton* (1915), 92 Ohio St. 215, 110 N.E. 726; *Davis v. State* (1927), 26 Ohio App. 340, 159 N.E. 575, aff'd. (1928), 118 Ohio St. 25, 160 N.E. 473; *Espy v. Montgomery* (1971), 30 Ohio App.2d 65 [59 O.O.2d 166], 283 N.E.2d 177; *State ex rel. Dickman v. Defenbacher, supra;* and *State v. Renalist, Inc., supra.*" (Parallel citations added.)

The home authority rule gives great deference to municipalities in enacting ordinances. It states:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, *as are not in conflict with general laws.*" (Emphasis added.) Section 3, Article XVIII, Ohio Constitution.

The test for determining whether an ordinance is in conflict with general laws was articulated in *Struthers v. Sokol* (1923), 108 Ohio St. 263, 140 N.E. 519, at syllabus:

"In determining whether an ordinance is in 'conflict' with general laws, the test is whether the ordinance permits or licenses that which the statute forbids and prohibits, and vice versa."

Both C.O. 727.02(a) and R.C. 1345.02(A) prohibit deceptive acts or practices in connection with consumer transactions. Applying the *Struthers* test to the instant case, C.O. 727.02(a) meets the conflict test, as it does not permit deceptive

acts in connection with consumer transactions that are prohibited by R.C. 1345.02(A) or vice versa.

But the *Sokol* test is not exclusive. *Cleveland v. Betts* (1958), 168 Ohio St. 386, 389, 7 O.O.2d 151, 152–153, 154 N.E.2d 917, 919; *Cincinnati v. Hoffman* (1972), 31 Ohio St.2d 163, 180, 60 O.O.2d 117, 126, 285 N.E.2d 714, 725. As stated in *Betts:*

"Although the ordinance * * * does not permit what the statute prohibits, and vice versa, it does contravene the expressed policy of the state with respect to crimes by deliberately changing an act which constitutes a felony under state law into a misdemeanor, and this creates the kind of conflict contemplated by the Constitution. Conviction of a misdemeanor entails relatively minor consequences, whereas the commission of a felony carries with it penalties of a severe and lasting character." (Citation omitted.) *Id.* at 389, 7 O.O.2d at 153, 154 N.E.2d at 919

Changing an offense from a misdemeanor to a felony is also unconstitutional. *Niles v. Howard* (1984), 12 Ohio St.3d 162, 165, 12 OBR 232, 234–235, 466 N.E.2d 539, 541.

As stated in *Toledo v. Best* (1961), 172 Ohio St. 371, 16 O.O.2d 220, 176 N.E.2d 520, at syllabus:

"Where the only distinction between a state statute and a municipal ordinance, proscribing certain conduct and providing punishment therefore, is as to the penalty only *but not to the degree (misdemeanor or felony)* of the offense, the ordinance is not in conflict with the general law of the state." (Emphasis added .)

R.C. 1345.07(D) creates civil and private remedies for acts in violation of R.C. 1345.02(A). See *State ex rel. Celebrezze v. Hughes* (1991), 58 Ohio St.3d 273, 275, 569 N.E.2d 1059, 1062. However, C.O. 727.99 creates criminal sanctions for acts in violation of C.O. 727.02(a).

In enacting C.O. 727.02(a), Youngstown changed the classification of the offense of committing deceptive acts or practices in connection with consumer transactions from a civil violation to a criminal violation. Comparatively, if changing a misdemeanor offense to a felony, or vice versa, is in conflict with general state law, changing the classification of an act from a civil to a criminal violation would also be in conflict. Therefore, Youngstown has created an ordinance that is in conflict with a general law of the state, and, as a result, C.O. 727.02(a) is unconstitutional.

Appellant's first assignment of error is with merit.

In his second assignment of error, appellant contends:

"The ordinance is void for vagueness as it does not inform a person of normal intellect of the acts or practices that are prohibited and which establish criminal conduct."

■ Appellant argues that the rules of construction for the Substantive Rules contradict the rules of construction for the Criminal Code found in R.C. 2901.04.

R.C. 2901.04 reads:

"(A) Sections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

The rules of construction for the Substantive Rules are found in COcp–3–01.01(A), which reads:

"A.   PURPOSES, RULES OF CONSTRUCTION

"These substantive rules * * * are adopted * * * pursuant to division 1345.05(B) and Chapter 119 of the Revised Code. Without limiting the scope of any section of the Revised Code or any other rule, these rules shall be liberally construed and applied to promote their purposes and policies."

The first purpose of the Substantive Rules found in COcp–3–01.01(A)(1) reads:

"The purposes and policies of these rules are to:

"(1) define with reasonable specificity acts and practices which violate sections 1345.02 or 1345.03 of the Revised Code."

Nothing in the language of the rules of construction suggests that the Substantive Rules are to be applied strictly against the accused and liberally in favor of the state.   In contrast, the rules of construction, albeit in a convoluted manner, promote specificity in the application of C.O. 727.02(a), as their *purpose* is to specifically define acts in violation of R.C. 1345.02, which prohibits deceptive acts or practices in connection with consumer transactions.   The Substantive Rules are to be liberally construed only to promote that purpose.   Thus, the rules of construction for the Substantive Rules do not contradict the rules of construction found in R.C. 2901.04.

■ Appellant also asserts that C.O. 727.02(a) violates his constitutional right of due process because it is void for vagueness. Due process requires a two-part test to be applied when determining the validity of a criminal code. *Akron v. Rowland* (1993), 67 Ohio St.3d 374, 381, 618 N.E.2d 138, 144, citing *Grayned v. Rockford* (1972), 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222, 227–228.   The first prong of the test requires reasonable notice to citizens of what is prohibited.   *Id.* The second prong requires reasonable standards for those who will enforce the Criminal Code.   *Id.*

The first prong of the test was addressed by *State v. Diana* (1976), 48 Ohio St.2d 199, 203, 2 O.O.3d 387, 389, 357 N.E.2d 1090, 1092, which states:

" ' * * * [A] statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning * * * violates the first essential of due process.' " *Id.*, quoting *Connally v. Gen. Constr. Co.* (1926), 269 U.S. 385, 391, 46 S.Ct. 126, 127, 70 L.Ed. 322, 323; see *United States v. Harriss* (1954), 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989; *Winters v. New York* (1948), 333 U.S. 507, 68 S.Ct. 665, 92 L.Ed. 840.

In other words, the question is whether the ordinance is "so unclear that [appellant] could not reasonably understand that it prohibited the acts in which he engaged." *State v. Anderson* (1991), 57 Ohio St.3d 168, 171, 566 N.E.2d 1224, 1227. See *Harriss, supra,* 347 U.S. at 617, 74 S.Ct. at 811–812, 98 L.Ed. at 996.

In the instant case, the ordinance, including the Substantive Rules, defines deceptive repair and service acts. Specifically, COcp–3–01.05(A)(1) states:

"A. It shall be a deceptive act or practice in connection with a consumer transaction involving repairs and services for a supplier to:

"1. Fail to provide in advance to the consumer, when anticipated repairs exceed twenty five dollars, a written estimate of the cost to the consumer of the anticipated repairs, the basis upon which the charge to the consumer will be made, and the reasonably expected completion date of such repairs * * *."

Appellant took $100 from Stevens and failed to give her an estimate for the repairs. Appellant's act clearly falls under COcp–3–01.05(A)(1). Thus, the ordinance was not so unclear that appellant could not reasonably understand that it prohibited the acts in which he engaged with Stevens.

Appellant argues that in order to be apprised of the Substantive Rules, he would have to obtain copies of the consumer regulations from the Clerk of Council of the city of Youngstown. However, whether appellant actually had knowledge of the ordinance and its Substantive Rules is of no consequence. It is well settled that the mistake-of-law defense is not recognized in Ohio. *State v. Williams* (1952), 94 Ohio App. 249, 51 O.O. 414, 115 N.E.2d 36; *State v. Pinkney* (1988), 36 Ohio St.3d 190, 198, 522 N.E.2d 555, 561. As stated in *Pinkney:*

"The concept of 'knowledge' * * * does not encompass awareness of the law. It is an ancient maxim that all are conclusively presumed to know the law. To hold otherwise would be to lend credence to the defense of ignorance of the law for any offense in which 'knowledge' is an element. Knowledge that certain conduct is unlawful is not a necessary element for conviction based on actions done 'knowingly.' " (Citations omitted.) *Id.*

Thus, since appellant's act in connection with his transaction with Stevens was done knowingly and is specifically proscribed by 727.02(a) and the Substantive Rules, the ordinance was not unclear, and it is reasonable to believe that appellant understood that his actions were prohibited.

However, appellant's act in connection with his transaction with Montalvo is not specifically defined in either C.O. 727.02(a) or the Substantive Rules. The complaint simply states that appellant took money from Montalvo and let eight weeks pass without completing the services ordered. Although this act is not specifically proscribed by the ordinance or the Substantive Rules, C.O. 727.02(a) states that the acts listed in C.O. 727.02(a)(1) through (10) do not limit its scope. This implies that there are other acts, not specified in the ordinance, which may be illegal. Standing on its own, the phrase "deceptive act or practice in connection with a consumer transaction" is vague, since the average person carefully reading C.O. 727.02(a) may not be sure what acts, outside of those specifically enumerated in the ordinance and the Substantive Rules, are illegal. See *Akron, supra*. Thus, appellant may not have been able to determine the meaning of C.O. 727.02(a) in order to regulate his conduct.

It is unlawful for a citizen to be convicted of a criminal offense not defined by a legislative enactment. *Akron v. Rowland*, 67 Ohio St.3d at 383, 618 N.E.2d at 145–146, citing R.C. 2901.03. Therefore, since appellant's act does not fall within the specifically defined deceptive acts or practices found in C.O. 727.02, his conviction under the ordinance based on his transaction with Montalvo was unlawful, and C.O. 727.02(a) fails the first prong of the test for vagueness.

C.O. 727.02(a) also fails the second prong of the test for vagueness because the plain language of the ordinance does not provide the necessary minimal guidelines for law enforcement, and this lack of specificity may lead to arbitrary enforcement. *Akron*, 67 Ohio St.3d at 387, 618 N.E.2d at 148–149. C.O. 727.02(a) states that the acts enumerated in C.O. 727.02(a)(1) through (10) do not limit the scope of the ordinance. Because acts not specifically described in the ordinance and the Substantive Rules may be unlawful, C.O. 727.02(a) "delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Grayned, supra*, 408 U.S. at 108–109, 92 S.Ct. at 2299, 33 L.Ed.2d at 228. Thus, C.O. 727.02(a) is unconstitutional, as it fails both prongs of the vagueness test.

Appellant's second assignment of error is with merit.

In his third assignment of error, appellant contends:

██ "Youngstown City Ordinance 727.02 is unconstitutional in that it attempts to create a criminal code where the offender's status is a necessary element of the offense."

Appellant argues that C.O. 727.02(a) is unconstitutional because his status as a supplier is an element of the offense; thus the ordinance violates his rights of due process and equal protection. See *Profit v. Tulsa* (Okla.Crim.App.1980), 617 P.2d 250, 251; *Detroit v. Bowden* (1967), 6 Mich.App. 514, 149 N.W.2d 771. The court in *Profit* explained that status is an element of an offense when acts, which in and of themselves are innocent, are made criminal by the ordinance if done by certain persons. *Id.* at 251, citing *Detroit, supra.*

In the instant case, C.O. 727.02 does not make innocent acts criminal simply because they are committed by suppliers. The ordinance applies to all persons who violate it, regardless of their status as a supplier. See *Seattle v. Jones* (1971), 79 Wash.2d 626, 631, 488 P.2d 750, 753. Thus, appellant's status as a supplier is not an element of the offense.

Appellant's third assignment of error is without merit.

In his fourth assignment of error, appellant contends:

"The complaint fails to charge a crime punishable by law."

██ Appellant contends that the complaint by Youngstown did not state a crime committed in violation of C.O. 727.02(a). This assertion is without merit. Individuals who violate C.O. 727.02 are subject to criminal liability per C.O. 727.99. The acts proscribed in the Substantive Rules also provide for criminal sanctions because C.O. 727.03 incorporated these rules into the ordinance.

Appellant's act, committed in connection with his transaction with Stevens, was clearly defined in the complaint and is specifically described in Substantive Rule COcp–3–01.05(A)(1). Although appellant's act committed in connection with his transaction with Montalvo is not specifically listed in either the Substantive Rules or C.O. 727.02(a), the ordinance generally prohibits deceptive acts or practices in connection with consumer transactions. Appellant allegedly acted deceptively by taking Montalvo's money for services not completed. Therefore, the complaint properly charged appellant with violating C.O. 727.02(a).

██ Appellant also argues that neither the ordinance nor the complaint properly stated an offense because neither contemplated a culpable mental state as required by R.C. 2901.21. This claim is also without merit.

Crim.R. 3 provides:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable

statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

Both complaints set forth facts that constituted the offense, the numerical designation of the applicable ordinance, and were made upon oath before a person authorized by law to administer oaths. Thus, the fact that the complaint filed based on Montalvo's affidavit did not contemplate appellant's mental state is of no consequence, because both complaints satisfied each requirement enumerated in Crim.R. 3.

Furthermore, the fact that culpability is not specified in either the complaint or C.O. 727.02(a) does not make the complaint invalid. R.C. 2901.21 states:

"(B) * * * When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

Thus, by default, when a complaint or ordinance fails to specify a mental state, "recklessness is sufficient culpability to commit the offense."

Appellant's fourth assignment of error is without merit.

The judgments of the Youngstown Municipal Court are hereby reversed, and appellant is discharged.

*Judgments reversed.*

Cox and VUKOVICH, JJ., concur.