ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} Angela M. Rivers has filed a complaint for a writ of prohibition. Rivers argues that Judge Donald Ramsey no longer possesses jurisdiction to conduct post-judgment proceedings in the underlying action of State of Ohio/Cuyahoga Support Agencyex rel. Angela Rivers v. Melvin Ware, Cuyahoga County Juvenile Court Case No. SU-01-703348. Judge Ramsey has filed a motion to dismiss which we grant for the following reasons.
 {¶ 2} On September 26, 2001, the Cuyahoga County Support Enforcement Agency filed an action in the Cuyahoga County Juvenile Court on behalf of Rivers. The action involved issues of custody and child support. Various proceedings were held before the juvenile court with regard to custody and child support and on or about September 24, 2003, Rivers and the father of her child reached an agreement as to the allocation of parental rights, responsibilities, and the payment of child support. On or about May 28, 2004, Rivers filed a notice with the juvenile court which indicated that she, along with her child, intended to move to Charlotte, North Carolina. The juvenile court, through Judge Ramsey, has continued to conduct post-judgment proceedings with regard to visitation and custody motions as filed by the father. On February 14, 2006, Rivers filed a complaint for a writ of prohibition based upon the allegation that her move to Charlotte, North Carolina had divested Judge Ramsey of any jurisdiction to entertain the pending motions for visitation and custody. On March 14, 2006, Judge Ramsey filed his motion to dismiss.
 {¶ 3} Initially, we find that Rivers has failed to attach a supporting affidavit to her complaint for a writ of prohibition. Loc.App.R. 45(B)(1)(a) requires that a complaint for an original action must be supported by an affidavit from the plaintiff or relator which specifies the details of the claim. Rivers has failed to attach an affidavit to her complaint for a writ of prohibition which specifies the details of her claim for a writ of prohibition. The dismissal of her complaint for a writ of prohibition is warranted.[1]
 {¶ 4} Rivers has also failed to establish that she is entitled to a writ of prohibition. The principles controlling prohibition are well established. In order for this court to issues a writ of prohibition, Rivers must establish that: (1) Judge Ramsey is about to exercise judicial power; (2) the exercise of judicial power by Judge Ramsey is unauthorized by law; and (3) there exists no adequate remedy in the ordinary course of the law.[2] This court will not issue a writ of prohibition unless it clearly appears that the lower court possesses no jurisdiction of the cause which it is attempting to adjudicate or the lower court is about to exceed its jurisdiction.[3] This court will not issue a writ of prohibition to prevent an erroneous judgment, or to serve the purpose of an appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction.[4]
Prohibition should be used with great caution and not issue in a doubtful case.[5] Finally, absent a patent and unambiguous lack of jurisdiction, a court having general jurisdiction of the subject matter of an action has authority to determine its own jurisdiction.[6]
 {¶ 5} Herein, Judge Ramsey and the Cuyahoga County Juvenile Court possess the basic statutory authority to conduct proceedings, with regard to custody and visitation, pursuant to R.C. 2151.23 and R.C. 2151.231. In addition, Rivers subjected herself to the jurisdiction of the Cuyahoga County Juvenile Court vis-a-vis the initial filling of the action for custody and child support as filed on September 26, 2001.[7] See, also, Juv.R. 10 which provides that proper venue over the underlying case resides with Judge Ramsey and the Cuyahoga County Juvenile Court and the voluntary relocation of Rivers to another state does not affect jurisdiction.
Jurisdiction cannot be determined when the actual administrative transfer takes place. Instead it is to be determined when the complaint is filed. To hold otherwise would mean, the defendant, i.e., the mother in the case at bar, could request and be granted a transfer in a juvenile case and subsequently move to another state and thereby divest the juvenile court of personal and subject matter jurisdiction. The judicial system should not be so easily thwarted.[8]
 {¶ 6} Finally, Rivers possesses an adequate remedy at law, as based upon her relocation to North Carolina, through a request for the transfer of the proceedings to the state of North Carolina or an appeal of any adverse judgment as rendered by Judge Ramsey. See Juv.R. 11 and Juv.R. 39.
 {¶ 7} In summary, the Ohio Revised Code grants the Cuyahoga County Juvenile Court and Judge Ramsey the jurisdiction to deal with custody and support issues raised by Rivers or the father of Rivers' child. Therefore, this court cannot conclude that Judge Ramsey is patently and unambiguously without jurisdiction in the underlying juvenile action.
 {¶ 8} Accordingly, we grant Judge Ramsey's motion to dismiss. Costs to Rivers. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).
Complaint dismissed.
Celebrezze, Jr., P.J., concurs.
Calabrese, J., Concurs.
[1] State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese
(Jan. 18, 1996), Cuyahoga App. No. 70077.
[2] State ex rel. Largent v. Fisher (1989),43 Ohio St.3d 160, 540 N.E.2d 239.
[3] State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571.
[4] State ex rel. Sparto v. Juvenile Court of Drake Cty.
(1950), 153 Ohio St. 64, 90 N.E.2d 598.
[5] State ex rel. Merion v. Tuscarawas Cty. Court of CommonPleas (1940), 137 Ohio St. 273, 28 N.E.2d 273.
[6] State ex rel. Rootstown Local School District Board ofEducation v. Portage Cty. Court of Common Pleas (1997),78 Ohio St.3d 489, 678 N.E.2d 1365.
[7] Maryhew v. Yova (1984), 11 Ohio St.3d 154,464 N.E.2d 538.
[8] In re: Shawn Stacy (Nov. 7, 1983), Twelfth Appellate District, Butler County, Case No. CA83-06-073, at 7.