The STATE ex rel. SCOTT et al.,

v.

City of CLEVELAND et al.

[Cite as State ex rel. Scott v. Cleveland, 166 Ohio App.3d 293, 2006-Ohio-2062.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 87985.

Decided April 25, 2006.

Betras, Maruca, Kopp, Harshman & Bernard and Brian P. Kish, for relators.

Robert Triozzi, Director of Law, Thomas J. Kaiser, Chief Trial Counsel, Gary S. Singletary, and Joseph G. Hajjar, Assistant Directors of Law, for respondents.

SEAN C. GALLAGHER, Judge.

{¶ 1} In July 2005, the Council of the City of Cleveland enacted and the mayor approved Cleveland Codified Ordinances 413.031, which is titled "Use of Automated Cameras to Impose Civil Penalties upon Red Light and Speeding Violators." Cleveland Codified Ordinances 413.031(a) provides:

*Civil enforcement system established.* The City of Cleveland hereby adopts a civil enforcement system for red light and speeding offenders photographed by

means of an "automated traffic enforcement camera system" as defined in division (m). This civil enforcement system imposes monetary liability on the owner of a vehicle for failure of an operator to stop at a traffic signal displaying a steady red light indication or for the failure of an operator to comply with a speed limitation.

{¶ 2} Under Cleveland Codified Ordinances 413.031, the city will mail a notice of liability to the owner of a vehicle photographed by the automated traffic enforcement system for red light or speeding violations.

*Notices of liability.* Any ticket for an automated red light or speeding system violation under this section shall:

(1) Be reviewed by a Cleveland police officer;

(2) Be forwarded by first-class mail or personal service to the vehicle's registered owner's address as given on the state's motor vehicle registration, and

(3) Clearly state the manner in which the violation may be appealed.

Cleveland Codified Ordinances 413.031(h).

{¶ 3} A party who receives a notice of liability may contest the ticket by filing a notice of appeal within 21 days from the date listed on the ticket. "Appeals shall be heard by the Parking Violations Bureau through an administrative process established by the Clerk of the Cleveland Municipal Court."

{¶ 4} Relators have named the city of Cleveland, the council, and the Parking Violations Bureau and Photo Safety Division as respondents.

{¶ 5} Relator Stuart Scott avers that he received two notices of liability for speeding violations. Relator Kathy Scheid avers that her husband received a notice of liability for speeding and that she notified the city that she had been driving the vehicle. Relator Clemente Kollin (whose affidavit reflects the name "Clement Kollin") avers that he received a notice of liability for speeding. Scott also avers that the parking violations bureau has scheduled a hearing on April 25, 2006. The other relators aver that they have requested appeal hearings.

{¶ 6} Relators challenge the use of automated cameras to impose civil penalties upon red light and speeding violators. They request that this court issue a writ of prohibition that:

A. Permanently enjoins Respondents from conducting *any* hearings with respect to its Automated System or Ordinance through the parking violations bureau;

B. Permanently enjoins Respondents from issuing any Notices of Liability with respect to its Automated System created by the Ordinance * * *. (Emphasis sic.)

█ {¶ 7} Initially, we note that the averments in relators' complaint are not sufficient to establish that the council and the parking violations bureau are proper parties to this action. That is, relators have not averred facts that would demonstrate that the council or the parking violations bureau have the capacity to be sued. Cf. *Richardson v. Grady* (Dec. 18, 2000), Cuyahoga App. Nos. 77381 and 77403, 2000 WL 1847588 (plaintiff had not demonstrated that the "Cleveland Police Department" was sui juris, citing *Cuyahoga Falls v. Robart* (1991), 58 Ohio St.3d 1, 6, 567 N.E.2d 987, for the proposition that "a city council, absent statutory authority, is not *sui juris* "). Rather, the real party in interest is the city. See R.C. 715.01.

█ {¶ 8} The criteria for the issuance of a writ of prohibition are well established.

In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.

*State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 185, 718 N.E.2d 908.

{¶ 9} In *Wright,* supra, the Supreme Court affirmed this court's judgment in *State ex rel. Wright v. Registrar, Bur. of Motor Vehicles* (Apr. 29, 1999), Cuyahoga App. No. 76044, 1999 WL 258240, which stated:

A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. *State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm.* (1992), 63 Ohio St.3d 179[, 586 N.E.2d 105]; *Dayton Metro. Hous. Auth. v. Dayton Human Relations Council* (1992), 81 Ohio App.3d 436[, 611 N.E.2d 384]. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. *State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.* (1990), 55 Ohio St.3d 98[, 562 N.E.2d 1383].

{¶ 10} Respondents do not contest that the civil hearing process established by Cleveland Codified Ordinances 413.031 involves an exercise of quasi-judicial power. Relators contend, however, that respondents are patently and unambiguously without jurisdiction to exercise that power.

{¶ 11} Relators argue that Codified Ordinances 413.031 violates a variety of provisions in the Ohio Constitution requiring equal protection, due process, and confrontation of witnesses, and also violates the separation-of-powers doctrine. They assert that only the Cleveland Municipal Court has jurisdiction over speeding infractions in Cleveland. They also contend that R.C. 4521.04 permits a municipal corporation or township to create a parking violations bureau "to handle all parking infractions," not moving violations such as speeding. Relators also argue that the city lacked the authority to change a criminal or traffic offense into a civil liability. Compare *State v. Rosa* (1998), 128 Ohio App.3d 556, 561, 716 N.E.2d 216 (an ordinance that "changed the classification of the offense of committing deceptive acts or practices in connection with consumer transactions from a civil violation to a criminal violation" was held to be unconstitutional).

{¶ 12} Relators also assert that various procedures established by Codified Ordinances 413.031 are grounds for determining that respondents lack the authority to enforce speeding violations. Relators observe that the hearing officer, who presides over appeals arising from notices of liability issued for speeding violations, need not be a judge or magistrate and—as a consequence—the proceedings fail to comply with Traf.R. 14, Civ.R. 53, and Crim.R. 19. Relators also contend that regular mail service—which is an option under Codified Ordinances 413.031—is inadequate to comply with Traf.R. 3. Finally, relators assert that Codified Ordinances 413.031(i)—which expressly prohibits assessing points—is contrary to law because R.C. 4510.036(B) and (C)(11) require that a court hearing a traffic offense assess points.

{¶ 13} Respondents correctly assert that legislation is presumed to be constitutional. *N. Ohio Patrolmen's Benevolent Assn. v. Parma* (1980), 61 Ohio St.2d 375, 377, 15 O.O.3d 450, 402 N.E.2d 519. They also emphasize that Codified Ordinances 413.031 clearly involves civil liability and administrative enforcement. On its face, Codified Ordinances 413.031 is not criminal in nature.

{¶ 14} Respondents also assert that Codified Ordinances 413.031 is a proper exercise of local authority. "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Section 3, Article XVIII, Ohio Constitution (Home Rule Amendment). "Thus, a municipality may regulate in an area such as traffic whenever its regulation is not in conflict with the general laws of the state." *Linndale v. State* (1999), 85 Ohio St.3d 52, 54, 706 N.E.2d 1227. Respondents contend that there is no conflict between Codified Ordinances 413.031 and R.C. Chapter 4521 (which governs local, noncriminal parking violations and, in R.C. 4521.04, authorizes the creation of a parking violations bureau) because R.C. Chapter 4521 is not a general law. Also, respondents argue that Codified

Ordinances 413.031 does not permit what R.C. Chapter 4521 prohibits or vice versa.

{¶ 15} Respondents also observe that Codified Ordinances 413.031 authorizes the clerk's examiners to hear appeals from speeding violations. See, also, Codified Ordinances 459.03, which establishes the parking violations bureau. Respondents argue that the actions of the parking violations bureau through the photo safety division does not add to or subtract from the authorization under R.C. Chapter 4521 to hear parking infractions.

{¶ 16} Additionally, respondents refute relators' argument that the exclusion of points requires relief in prohibition. That is, respondents contend that R.C. 4510.036 (requiring the assessment of points) applies to courts. Furthermore, respondents observe that a municipality may provide for different penalties for an infraction than those set forth in state law without creating a conflict between local and state law. *Niles v. Howard* (1984), 12 Ohio St.3d 162, 165, 12 OBR 232, 466 N.E.2d 539.

■■ {¶ 17} The discussion above reflects that neither relators nor respondents have provided this court with clearly controlling authority regarding the issue presented in this case: whether a municipality is patently and unambiguously without jurisdiction to impose civil liability for speeding violations photographed by an automated traffic-enforcement camera system. "Prohibition should be used with great caution and not issue in a doubtful case." *Rivers v. Ramsey*, Cuyahoga App. No. 87763, 2006-Ohio-1744, 2006 WL 890916, at ¶ 4. Relators have failed to demonstrate that the city is patently and unambiguously without jurisdiction to issue notices of liability and to hear appeals with regard to speeding violations under Codified Ordinances 413.031.

{¶ 18} It should be noted that we make no determination of the merits of relators' claims or of respondents' arguments. Rather, what we must conclude is that the lack of controlling authority preventing the city from proceeding under Codified Ordinances 413.031 makes granting relief in prohibition inappropriate.

{¶ 19} We also note that relators did not attempt to argue that they lack an adequate remedy in the ordinary course of the law. Respondents state that a party who is dissatisfied with the outcome of an administrative appeal under Codified Ordinances 413.031 may prosecute an appeal in the court of common pleas under R.C. Chapter 2506. Relators have not refuted this argument. "The proposition that where a right of appeal exists there is an adequate remedy at law is too well established to require citation of authorities." *State ex rel. Kendrick v. Masheter* (1964), 176 Ohio St. 232, 233, 27 O.O.2d 128, 199 N.E.2d 13. If parties prosecute their challenges to Codified Ordinances 413.031 through an

administrative appeal, they will then have an opportunity to challenge the ordinance.

{¶ 20} Additionally, we note that the nature of the relief requested by relators is that of a prohibitory injunction. (See the quotation above from the ad damnum clause of the complaint in which relators request that this court issue a writ of prohibition that "enjoins" respondents.) Prohibition is not appropriate. Cf. *Tatman v. Fairfield Cty. Bd. of Elections*, 102 Ohio St.3d 425, 2004-Ohio-3701, 811 N.E.2d 1130.

{¶ 21} Accordingly, we deny relators' application for an alternative writ and dismiss this action against all respondents sua sponte for failure to state a claim upon which relief can be granted. Relators to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

Complaint dismissed.

McMONAGLE and CORRIGAN, JJ., concur.