JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant, Lawrence Stalter, appeals the decision of the Cuyahoga County Court of Common Pleas that dismissed his administrative appeal for a lack of subject matter jurisdiction. For the reasons stated herein, we affirm.
 {¶ 2} On April 21, 2006, Stalter was issued a notice of liability for violating City of Cleveland Codified Ordinance 413.031. The notice provided that Stalter's vehicle violated the ordinance and was photographed by an automatic traffic enforcement camera. More specifically, the date of the violation was April 4, 2006, and the noted violation was for speeding at a rate of 48 miles per hour in a 35 mile per hour zone. Stalter was assessed a fine of $100.
 {¶ 3} On May 5, 2006, Stalter, through counsel, requested a hearing with the Cleveland Parking Violations Bureau, Photo Safety Division. Following a hearing on July 25, 2006, the hearing examiner found Stalter liable on the notice of liability and imposed the $100 fine.
 {¶ 4} On August 7, 2006, Stalter filed a notice of appeal in the Cuyahoga County Court of Common Pleas. The notice provided that Stalter was appealing the decision pursuant to R.C. Chapter 2506, governing administrative appeals. The certificate of service indicated that Stalter filed the notice of appeal with the court of common pleas and that he also mailed a service copy of the notice of appeal to the City of Cleveland Law Department.
 {¶ 5} On October 18, 2006, the city of Cleveland, appellee herein, moved to *Page 4 
dismiss the appeal for a lack of subject matter jurisdiction. The city argued that Stalter had failed to file the notice of appeal with the Traffic Violations Bureau, Photo Safety Division, the administrative body that found Stalter liable, as required by R.C. Chapter 2505.
 {¶ 6} Thereafter, Stalter sent a letter to the Parking Violations Bureau, Photo Safety Division, directing the city of Cleveland to file a complete transcript in the common pleas court. Stalter also sent a copy of the notice of appeal to the Parking Violations Bureau on or about November 1, 2006; however, this was well after the time for perfecting an appeal pursuant to R.C. 2505.07.
 {¶ 7} In a journal entry filed November 21, 2006, the trial court granted the city of Cleveland's motion to dismiss. The trial court found that Stalter had failed to file the notice of appeal with the Parking Violations Bureau, Photo Safety Division as required by R.C. Chapter 2505, and that the trial court lacked subject matter jurisdiction to proceed.
 {¶ 8} Stalter now appeals to this court, raising one assignment of error for our review that provides the following: "The trial court erred as a matter of law when it dismissed, based upon alleged filing and service defects, appellant's appeal of his photo-based traffic ticket."
 {¶ 9} Cleveland Codified Ordinance Section 413.031 authorizes the use of an automated-camera system to impose civil penalties on the owners of vehicles that have been photographed committing a red light violation or speeding violation. *Page 5 
Section 413.031(k) provides an administrative appeal process:
 "Appeals. A notice of appeal shall be filed with the Hearing Officer within twenty-one (21) days from the date listed on the ticket. * * *
 "Appeals shall be heard by the Parking Violations Bureau through an administrative process established by the Clerk of the Cleveland Municipal Court. At hearings, the strict rules of evidence applicable to courts of law shall not apply. The contents of the ticket shall constitute a prima facie evidence of the facts it contains. Liability may be found by the hearing examiner based upon a preponderance of the evidence. If a finding of liability is appealed, the record of the case shall include the order of the Parking Violations Bureau, the Ticket, other evidence submitted by the respondent or the City of Cleveland, and a transcript or record of the hearing, in a written or electronic form acceptable to the court to which the case is appealed."
 {¶ 10} In this case, Stalter unsuccessfully challenged the citation he received through the admistrative appeal process set forth in Section 413.031(k). Stalter then proceeded to file an administrative appeal in the common pleas court pursuant to R.C. 2506. R.C. 2506.01, in relevant part, provides as follows:
 "Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located as provided in Chapter 2505. of the Revised Code, except as modified by this chapter."
 {¶ 11} In perfecting an appeal, R.C. 2505.04 provides the following:
 "[A]n appeal is perfected when a written notice of appeal is filed, * * * in *Page 6 
the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."
 {¶ 12} To perfect an administrative appeal in the court of common pleas, the notice of appeal must be filed within thirty days of the order and, pursuant to the clear language of R.C. 2505.04, be filed with the administrative body that issued the decision. See Dudukovich v.Lorain Metropolitan Housing Authority (1979), 58 Ohio St.2d 202,203-204, 389 N.E.2d 1113 (construing the filing requirements of R.C.2505.04). The term "filed" requires "actual delivery." Id. at 204.[1]
Further, although the word "filed" has been interpreted liberally, the appellant still is required to give notice of his appeal to the administrative body itself. See Hanson v. Shaker Heights,152 Ohio App.3d 1, 2003-Ohio-749.
 {¶ 13} This court has held, in accordance with the Ohio Supreme Court's decision in Dudukovich, supra, that as a practical matter a notice of appeal must also be filed in the common pleas court within the same time period in order for the court to assume jurisdiction.Board of Zoning Appeals v. Moriyama (Nov. 1, 2001), *Page 7 
Cuyahoga App. No. 78477. Therefore, an appeal from an administrative decision is not perfected unless a notice of appeal is filed with both the administrative body and the common pleas court within the statutory time limit. Krickler v. City of Brooklyn, Cuyahoga App. No. 85007,2005-Ohio-2326.
 {¶ 14} In this case, Stalter filed his notice of appeal with the court of common pleas and mailed a service copy to the City of Cleveland Law Department. However, Stalter did not file the notice of appeal with the administrative body that issued the decision, i.e., the Cleveland Parking Violations Bureau, Photo Safety Division.
 {¶ 15} Stalter argues that the Cleveland Parking Violations Bureau, Photo Safety Division is not a legal entity. Stalter further states that the only real party in interest is the city of Cleveland and cites to this court's decision in State ex rel. Scott v. City of Cleveland,166 Ohio App.3d 293, 2006-Ohio-2062, affirmed 112 Ohio St.3d 324,2006-Ohio-6573. State ex rel. Scott was an action seeking a writ of prohibition challenging the use of automated cameras pursuant to City of Cleveland Codified Ordinance Section 413.031. Id. This court initially noted that the averments in the complaint were insufficient to demonstrate that the Parking Violations Bureau and Photo Safety Division had the capacity to be sued and that, accordingly, only the city was a real party in interest. Id. at 296. Ultimately, this court dismissed the action upon concluding that the city did not patently and unambiguously lack jurisdiction to *Page 8 
impose civil liability for speeding violations detected by its automated-camera system, that appellants had an adequate remedy in the ordinary course of law by appeal, and that the nature of the relief requested by appellants was that of a prohibitory injunction. Id. at 298-299. Relative to this case, in State ex rel. Scott, this court did not address the service requirements for purposes of perfecting an administrative appeal. Moreover, Stalter fails to cite any authority that obviates the clear statutory requirement that the notice of appeal be filed with the administrative body that issued the decision.
 {¶ 16} We must recognize that Section 413.031(k) establishes that appeals are to be heard "by the Parking Violations Bureau through anadministrative process established by the Clerk of the Cleveland Municipal Court." (Emphasis added.) The hearing before the Parking Violations Bureau is an administrative proceeding, and to the extent that an appeal is taken from a decision of the Parking Violations Bureau, a notice of appeal is required to be filed therewith. Because of the unique way in which the Parking Violations Bureau is structured, a filing of the notice of appeal with the Clerk of the Cleveland Municipal Court would have been sufficient under these facts to achieve actual delivery upon the administrative body that issued the decision; however, that did not occur in this case. See Wilt v. Turner (Jan. 2008), Cuyahoga App. No. 89320. Rather, in this matter Stalter sent a copy of the notice of appeal by ordinary mail to the city of Cleveland's law department. This was not sufficient to satisfy the jurisdictional requirements of R.C. 2505.04. This court *Page 9 
previously held: "An appeal from a city board of zoning appeals to a court of common pleas may be perfected only by filing a notice of appeal with the board itself. Service of the notice of appeal on the city's law director, the board's representative, is not sufficient to satisfy the jurisdictional requirements of R.C. 2505.04." Patrick Media Group, Inc.v. Cleveland Bd. of Zoning (1988), 55 Ohio App.3d 124, syllabus.
 {¶ 17} In this case, in order to challenge the citation, Stalter was required to file the notice of appeal with the Cleveland Parking Violations Bureau, Photo Safety Division or the Clerk of the Cleveland Municipal Court because of the unique manner in which the Cleveland Parking Violations Bureau and Photo Safety Division are structured and operated. His failure to do so deprived the lower court of subject matter jurisdiction over the action.
 {¶ 18} Stalter's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. *Page 10 
SEAN C. GALLAGHER, PRESIDING JUDGE
PATRICIA ANN BLACKMON, J. and MELODY J. STEWART, J., CONCUR
[1] As stated in Dudukovich, 58 Ohio St.2d at 204: "It is established that the act of depositing the notice in the mail, in itself, does not constitute a `filing,' at least where the notice is not received until after the expiration of the prescribed time limit. Fulton, Supt. ofBanks, v. State, ex rel. General Motors Corp . (1936), 130 Ohio St. 494. Rather, `[t]he term "filed" * * * requires actual delivery * * *.' Id., at paragraph one of the syllabus. However, no particular method of delivery is prescribed by the statute. Instead, as was aptly stated inColumbus v. Upper Arlington (1964), 94 Ohio Law Abs. 392, 397, 201 N.E.2d 305, `any method productive of certainty of accomplishment is countenanced.'" *Page 1