JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Appellant Daniel Wilt appeals the trial court's dismissal of his appeal of an administrative order from the City of Cleveland's Parking Violations Bureau. Wilt assigns the following error for our review: "I. The trial court erred in granting the defendant-appellee's motion to dismiss."
 {¶ 2} Having reviewed the record and pertinent law, we reverse the decision of the trial court and remand for further proceedings consistent with this opinion. The apposite facts follow.
 {¶ 3} The issue in this appeal is whether the timely actual delivery of the notice of appeal to the office of Earle B. Turner, Clerk of the Cleveland Municipal Court, is sufficient to perfect this appeal from the Bureau's decision.[1] We believe that it is. The apposite facts follow.
 {¶ 4} It is factually uncontested that on June 13, 2006, an automated traffic camera enforcement system photographed a vehicle owned by Wilt committing a red light violation at Lakeshore Boulevard and East 159th Street in Cleveland, Ohio. At the time of the photographed infraction, Wilt was not driving the car. *Page 4 
 {¶ 5} The Bureau sent Wilt a notice of liability for the photographed infraction and Wilt requested a hearing. On September 12, 2006, the Bureau conducted a hearing, found Wilt liable, and assessed $100 in fines.
 {¶ 6} On September 26, 2006, within the prescribed 30 day period, Wilt filed a notice of appeal of the Bureau's decision in the Court of Common Pleas and named Earle B. Turner as the sole adverse party. Wilt subsequently delivered, by mail, a copy of the notice of appeal to Turner.
 {¶ 7} On November 3, 2006, pursuant to R.C. 2505.04, the City of Cleveland moved the Common Pleas Court to dismiss Wilt's appeal of the Bureau's decision as unperfected. On December 21, 2006, the trial court granted the City of Cleveland's motion to dismiss.
 Dismissing an Administrative Appeal {¶ 8} In his sole assigned error, Wilt argues the trial court erred when it dismissed his administrative appeal. We agree.
 {¶ 9} R.C. 2506.01 permits the court of common pleas to review every final decision "of any * * * board * * * or other division of any political subdivision of the state * * * as provided in chapter 2505 of the Revised Code, except as modified by this chapter."[2] *Page 5 
 {¶ 10} R.C. 2505.04 provides in pertinent part as follows:
 "An appeal is perfected when a written notice of appeal is filed * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved."
 {¶ 11} The historical case law, specifically Dudukovich v. LorainMetro. Hous. Auth., mandates that R.C. 2505.04 requires an appellant to actually deliver a notice of appeal to the administrative body within the 30-day time limit established by R.C. 2507.07 to satisfy the filing requirement for perfecting an administrative appeal.[3]
 {¶ 12} In the instant case, the issue is not whether the notice was filed, but whether Turner, as Clerk of the Cleveland Municipal Court, is the administrative serving body and whether delivery of the notice of appeal to Turner constitutes a filing.
 {¶ 13} What constitutes a filing has been liberally construed. InHanson v. Shaker Heights, we found a facsimile transmission sufficient to satisfy the actual delivery requirement.[4] In BP Exploration Oil, Inc. v. Oakwood Planning Comm., we held that R.C. 2505.04 "does not require an appellant to first file the original notice of appeal with the agency" and that Dudukovich did not require that filings be made in a particular order or mandate where an "original" or "copy" must be filed, but stated *Page 6 
only that filing requires actual delivery.[5] In Berea Music v. Cityof Berea,[6] we held that R.C. 2505.04 required only that a notice of appeal be delivered to the administrative body, and that delivery of a copy already filed in the court of common pleas was sufficient to invoke jurisdiction. Following these cases' interpretation, Wilt's delivery of the notice of appeal, by mail, to Turner constituted a filing.
 {¶ 14} We now turn to whether Turner is the proper party to receive the notice of appeal. Cleveland Ordinance 413.031(K) speaks to this issue. Cleveland Ordinance 413.031 states in pertinent part as follows:
 "Appeals shall be heard by the Parking Violations Bureau through an administrative process established by the Clerk of the Cleveland Municipal Court."
 {¶ 15} This legislative act confers on Turner the role of the administrative body, or as R.C. 2505.04 defines "other instrumentality involved." If the City intended the Bureau to act as the sole administrative agency, it should have made that pronouncement clear in the ordinance. Additionally, Cleveland Ordinance 413.031(K) does not set forth an appeal procedure to the Court of Common Pleas, accordingly R.C.2505.04 applies. *Page 7 
 {¶ 16} The City of Cleveland offered the additional authority ofThrower v. City of Akron Dep `t of Health Hous. Appeals Bd.[7] Our case is consistent with Thrower. In Thrower, the court followed the mandate of Dudukovich and held "mere notification to the Board that a notice of appeal has been filed in the court is no better. The statute explicitly requires filing with the agency itself."[8] Here, Wilt delivered by mail to Turner the actual notice of appeal, which underThrower is sufficient.
 {¶ 17} In addition, this case involved a two-act process, namely, Wilt's filing of the notice of appeal in the common pleas court and delivering a copy to Turner. In Thrower, there was one act. The appellant filed the notice of appeal with the common pleas court, and the court of common pleas served a summons on the Board, along with a copy of the notice of appeal that was filed in the common pleas court. In Thrower, this one-act process was not sufficient. Here, Wilt filed with the court and delivered a notice of appeal to Turner; accordingly, we sustain Wilt's sole assigned error.
 {¶ 18} Judgment reversed and remanded for further proceedings consistent with this court's opinion.
It is ordered that appellee and appellant share the costs herein taxed.
 The court finds there were reasonable grounds for this appeal *Page 8 
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 or the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
SEAN C. GALLAGHER, P.J., and MELODY J. STEWART, J., CONCUR
[1] On December 5, 2007, this court also heard Stalter v. City ofCleveland, Case No. 89323, undecided at the time of this opinion.Stalter factually differs from this case in that Stalter filed his appeal in the Common Pleas Court and delivered the notice of appeal to the City of Cleveland's Law Department.
[2] State ex rel. Nunnally v. Vill. of Oakwood, Cuyahoga App. No. 83326, 2004-Ohio-1679.
[3] (1979), 59 Ohio St.2d 202.
[4] 152 Ohio App.3d 1, 2003-Ohio-749.
[5] Cuyahoga App. No. 80510, 2002-Ohio-4163.
[6] Cuyahoga App. No. 80897, 2002-Ohio-5539.
[7] 9th Dist. No. 21061, 2002-Ohio-5943.
[8] Id. *Page 1