[Cite as *Huffman v. Cleveland, Parking Violations Bur.*, 2016-Ohio-496.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 103447**

# FORDHAM E. HUFFMAN

PLAINTIFF-APPELLEE

vs.

# CITY OF CLEVELAND, PARKING VIOLATIONS BUREAU

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-832710

**BEFORE:** McCormack, J., E.A. Gallagher, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** February 11, 2016

**ATTORNEYS FOR APPELLANT**

Barbara A. Langhenry
Law Director
John Mills
Assistant Law Director
City of Cleveland Law Department
601 Lakeside Ave.
Room 106
Cleveland, OH 44114


**FOR APPELLEE**

Fordham E. Huffman, pro se
P.O. Box 163305
Columbus, OH 43216-3305

TIM McCORMACK, J.:

**{¶1}** On April 27, 2014, a mobile traffic enforcement camera photographed plaintiff-appellee, Fordham E. Huffman's ("Huffman") vehicle traveling in excess of the speed limit of 35 m.p.h. on Rocky River Drive in Cleveland, Ohio. He received a notice of liability for violating Cleveland Codified Ordinances ("C.C.O.") 413.031. He requested a hearing before a hearing examiner of the Cleveland Parking Violations Bureau. Following a brief hearing, the hearing examiner found Huffman liable and assessed a $100 fine.

**{¶2}** Huffman then appealed to the common pleas court. The trial court reversed the Bureau's finding of liability. The city of Cleveland now appeals from the judgment of the common pleas court. After a review of the record and applicable law, we affirm that judgment.

**Cleveland's Automated Camera Civil Traffic Enforcement System**

**{¶3}** Huffman was issued a notice of liability under C.C.O. 413.031. In 2005, the city council enacted C.C.O. 413.031. The ordinance authorizes the use of an automated camera system to impose civil penalties on the owners of vehicles who are photographed committing red light or speeding violations. C.C.O. 413.031(a) reads:

> Civil Enforcement System Established. The City of Cleveland hereby adopts a civil enforcement system for red light and speeding offenders photographed by means of an "automated traffic enforcement camera

system" as defined in division (p). This civil enforcement system imposes monetary liability on the owner of a vehicle for failure of an operator to stop at a traffic signal displaying a steady red light indication or for the failure of an operator to comply with a speed limitation.

{¶4} Under the ordinance, the city mails a notice of liability to the owner of a vehicle photographed by the automated traffic enforcement system for red light or speeding violations. A person who receives a notice of liability may contest it by filing a notice of appeal with a hearing examiner at the Parking Violations Bureau within 21 days. C.C.O. 413.031(k). That subsection provides, "Appeals shall be heard by the Parking Violations Bureau through an administrative process established by the Clerk of the Cleveland Municipal Court."

{¶5} Several challenges have been raised contesting the constitutionality of ordinances using automated cameras to enforce speeding or red light violations, such as Cleveland's traffic enforcement ordinance. In 2008, the Ohio Supreme Court upheld an Akron ordinance similar to Cleveland's, holding that a municipality is within its home rule power to create an automated system for enforcement of traffic laws that imposes civil liability on violators. *Mendenhall v. Akron*, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, ¶ 42. The Supreme Court of Ohio reaffirmed that holding recently in *Walker v. Toledo*, 143 Ohio St.3d 420, 2014-Ohio-5461, 39 N.E.3d 474, ¶ 3 (municipalities have home-rule authority to impose civil liability on traffic violators through an administrative enforcement system).

**The Instant Case**

{¶6} The record reflects that Huffman appealed his notice of liability through the appeal process set forth in C.C.O. 413.031(k). He alleged that the city failed to comply with the requirement that the notice of a traffic camera's location must be provided to the public 30 days prior to the enforcement. A brief hearing took place before the hearing examiner, who found Huffman liable. At the end of the hearing, the hearing examiner advised him of his right to appeal as follows: "You have the right to appeal this decision to the Cuyahoga County Court of Common Pleas located on the first floor of this building." No further information regarding applicable appeal procedure was provided.

{¶7} Huffman filed an appeal from the hearing examiner's finding of liability in the common pleas court. In response, the city filed a motion to dismiss, claiming Huffman failed to file a praecipe with the Parking Violations Bureau. In a subsequent brief in support of the motion, the city claimed in addition that "City of Cleveland Parking Violations Bureau" is not *sui juris*. The trial court denied the motion. The parties then filed their briefs on the merits of the matter. In its brief, the city claimed Huffman failed to properly serve the notice of appeal on the city pursuant to Civ.R. 4.2(N).

{¶8} The trial court reversed the hearing examiner and vacated the finding of liability, finding the city failed to post signs for the camera 30 days prior to the enforcement, in violation of C.C.O. 413.031(g).

**{¶9}** We do not reach the merits of the finding of liability against Huffman, however, because the city makes only procedural claims on appeal. Under the first assignment of error, the city claims the caption of the appeal erroneously named the Parking Violations Bureau as appellee when it should have named the city of Cleveland. Under the second assignment of error, it claims the service of the notice of appeal was deficient, arguing that the notice of appeal should have been served on the city's law director pursuant to Civ.R. 4.2(N).[1]

**Perfecting an Appeal under R.C. 2506.01**

**{¶10}** R.C. Chapter 2506 governs appeals from orders of administrative officers and agencies. R.C. 2506.01(A) provides, in relevant part:

Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department, or other division of any political subdivision of the state may be reviewed by the court of common pleas of the county in which the principal office of the political subdivision is located * * *.

---

[1] The two assignments of error state:

1. The lower court abused its discretion by upholding the appeal when the city of Cleveland Parking Violations Bureau is not sui juris and cannot sue or be sued in its own name.

2. The lower court abused its discretion by failing to dismiss the appeal when plaintiff did not properly serve the city as required by Civil Rule 4.2(N).

{¶11} The appeal of a finding of liability under the civil enforcement system is an administrative appeal. *Walker*, Ohio St.3d 420, 2014-Ohio-5461, 39 N.E.3d 474, at ¶ 8-9. The common pleas court does not have subject matter jurisdiction over an administrative appeal unless the appeal is perfected. *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 9.

{¶12} The city on appeal essentially claims the instant administrative appeal has not been perfected. Before we address the city's specific claims, we will first discuss how an administrative appeal is perfected.

{¶13} "[W]hen the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute." *Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 14.

{¶14} R.C. Chapter 2505 governs the procedure for perfecting an R.C. 2506.01 administrative appeal. *Jacobs v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 102448, 2015-Ohio-2278, ¶ 15. R.C. 2505.04 states, in part:

An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative officer, agency, board, department, tribunal, commission, or other instrumentality involved.

{¶15} Furthermore, R.C. 2505.07 provides that a notice of appeal must be perfected within 30 days.

{¶16} Pursuant to *Dudukovich v. Lorain Metro. Hous. Auth.,* 58 Ohio St.2d 202, 203-204, 389 N.E.2d 1113 (1979), under the statute, in order to perfect an administrative appeal, the notice of appeal must be (1) filed in the common pleas court within the statutory time and also (2) filed with the administrative body that issued the challenged decision.   The term "filed" in R.C. 2505.04 is not defined in the statute, and the statute is silent as to the permissible method for filing and serving the notice of appeal."   *Jacobs, supra,* at ¶ 17.

{¶17} In *Dudukovich*, the court held that an appellant satisfied the requirements of R.C. 2505.04 and the common pleas court properly assumed jurisdiction when the appellant, in conjunction with filing the notice of appeal in the common pleas court, mailed the notice of appeal to the administrative agency by certified mail and the notice was received timely.

{¶18} In *Welsh Dev.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, the Supreme Court of Ohio affirmed and clarified *Dudukovich*. "[T]he purpose of R.C. 2505.04 is to give timely notice of the appeal to the administrative agency."   *Id.* at 41. An appellant may use "any method reasonably certain to accomplish delivery to the agency" within the appeal time.   *Id.* at ¶ 40.   A timely delivery of the notice of appeal to the agency constituted "filing" under R.C. 2505.04 that satisfied the jurisdictional requirement for an administrative appeal.   *Id.*

{¶19} In *Welsh Dev.*, the court held that a "filing" under R.C. 2505.04 for the purposes of perfecting an administrative appeal can be achieved by having the clerk of

court serve the notice of appeal on the administrative agency, provided the service is timely.

{¶20} Here, the record reflects Huffman filed the notice of appeal in the common pleas court, and the clerk of court served a summons and a copy of the notice on "City of Cleveland, Parking Violations Bureau," at the address of 1200 Ontario St. Cleveland, OH 44113. The record contains a receipt of the service.[2] Although the city in its appellant's brief claims the address of the Parking Violations Bureau is not 1200 Ontario Street, the record reflects a correspondence dated April 27, 2014, from the Parking Violations Bureau to Huffman in which the Bureau listed its address as 1200 Ontario Street. Furthermore, the city on appeal does not allege that the Parking Violations Bureau had not received Huffman's notice of appeal timely.

{¶21} In accordance with *Welsh Dev. Co.,* Huffman clearly gave notice of the appeal to the Parking Violations Bureau and perfected his appeal under R.C. 2505.04.[3]

---

[2] We note that Huffman himself also sent a service copy of the notice of appeal to "William Menzalora, Chief Assistant Director of Law, Public Safety, 601 Lakeside Ave., Room 106, Cleveland, Ohio 44114."

[3] In *Stalter v. Cleveland*, 8th Dist. Cuyahoga No. 89323, 2008-Ohio-134, an opinion issued before *Welsh Dev.* was decided, this court addressed specifically the issue of how an appeal from a finding of liability by the Parking Violations Bureau should be perfected after a notice of appeal was filed in the common pleas court. This court held that, due to the unique manner in which the Cleveland Parking Violations Bureau was structured and operated, a person appealing from the Bureau's decision is required to file the notice of appeal with either the Cleveland Parking Violations Bureau or the Clerk of the Cleveland Municipal Court. *See also Wilt v. Turner*, 8th Dist. Cuyahoga No. 89320, 2008-Ohio-141; *Golden v. Cleveland*, 8th Dist. Cuyahoga No. 91169, 2008-Ohio-5999. Huffman filed his notice of appeal with the Parking Violations Bureau through the clerk of court's service of his notice of appeal on the Bureau. Therefore, our determination in this case is consistent

**The City's Claims on Appeal**

**{¶22}** The city raises two claims on appeal. First, the city claims that Huffman improperly named "City of Cleveland Parking Violations Bureau" as appellee in this appeal. The city argues that the Parking Violations Bureau is not "sui juris" and that "the real party in interest was the City of Cleveland, which was not named."

**{¶23}** A party is not "sui juris" if it does not possess full capacity and rights to sue or be sued. *Mollette v. Portsmouth City Council*, 169 Ohio App.3d 557, 2006-Ohio-6289, 863 N.E.2d 1092, ¶ 1 (4th Dist.). While it is correct that the Parking Violations Bureau is not a separate legal entity with a capacity to be sued, *see State ex rel. Scott v. Cleveland*, 166 Ohio App.3d 293, 2006-Ohio-2062, 850 N.E.2d 747, ¶ 7 (8th Dist.), Huffman's notice of appeal designates the appellee as "City of Cleveland, Parking Violations Bureau," *not* "City of Cleveland Parking Violations Bureau." The comma is significant. The addition of "Parking Violations Bureau" after the comma does not alter the fact that the entity being named as appellee is the "City of Cleveland."

**{¶24}** Moreover, Huffman's appeal from the Bureau's finding of liability, as we have explained above, is an administrative appeal governed by R.C. Chapter 2506. The city's claim that the appeal failed to name "the real party in interest" — the city of Cleveland — borders on the frivolous. The notion of "real party in interest" is set forth in Civ.R. 17(A) ("[e]very action shall be prosecuted in the name of the real party in

---

with *Stalter* and *Wilt*.

interest"). Civ.R. 17(A) requires an "action" be brought *by* a "real party in interest." Regardless of whether an administrative appeal is an "action" for purposes of Civ.R. 17, the real-party-in-interest requirement of Civ.R. 17 applies to a party who *brings* an action. The city of Cleveland was *defending* an administrative appeal here. The notion of "real party in interest" has no relevance here.

{¶25} The city makes a second claim on appeal. It argues that Huffman's notice of appeal did not comply with Civ.R. 4.2(N). Under Civ.R. 4.2(N), service on a municipal corporation must be made "by serving the officer responsible for the administration of the office, department, agency, authority, institution or unit or by serving the city solicitor or comparable legal officer." The city claims that, under this rule, Huffman must serve his notice of appeal on the city's director of law. As the Supreme Court of Ohio held in *Welsh Dev.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, an administrative appeal is considered filed and perfected when, as in the instant case, the clerk of court "serves upon the administrative agency" a copy of the notice of appeal filed in the common pleas court. In *Jacobs,* 8th Dist. Cuyahoga No. 102448, 2015-Ohio-2278, this court explained that certain civil rules such as Civ.R. 4 and 4.1 governing the methods of service after a complaint is filed are clearly inapplicable in an R.C. Chapter 2506 administrative appeal. *Id.* at ¶ 26. Similarly, Civ.R. 4.2(N), which requires the service of process upon a municipal corporation to be made by serving a responsible officer, has no relevance in the present administrative appeal. The city's first and second assignments of law are without merit.

**{¶26}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

EILEEN A. GALLAGHER, P.J., and
ANITA LASTER MAYS, J., CONCUR