[Cite as *Henson v. Cuyahoga Metro. Hous. Auth.*, 2016-Ohio-8146.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 104274

---

# LAKISHA HENSON

### PLAINTIFF-APPELLANT

vs.

# CUYAHOGA METROPOLITAN HOUSING AUTHORITY

### DEFENDANT-APPELLEE

---

### JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-857170

**BEFORE:** Blackmon, J., Keough, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** December 15, 2016

**FOR APPELLANT**

Lakisha Henson, pro se
16781 Chagrin Blvd., #147
Shaker Heights, Ohio 44120


**ATTORNEY FOR APPELLEE**

Harold C. Reeder
Managing Associate General Counsel
CMHA Office of Legal Affairs
8120 Kinsman Road
Cleveland, Ohio 44104

PATRICIA ANN BLACKMON, J.:

{¶1} Lakisha Henson ("Henson") appeals pro se from the trial court's journal entry granting the Cuyahoga Metropolitan Housing Authority's ("CMHA") motion to dismiss this administrative appeal and assigns the following error for our review:

I. Plaintiff assigns as err[or] the trial court's dismissing the administrative appeal on the grounds that it lacked subject matter jurisdiction.

{¶2} Having reviewed the record and pertinent law, we affirm. The apposite facts follow.

{¶3} In February 2015, Henson entered into the Section 8 Housing Choice Voucher Program, administered by CMHA, and rented residential property located at 18512 Newell Road, Down Unit, Shaker Heights, Ohio ("the property"), for 12 months. All of the rent was to be paid by CMHA. On June 23, 2015, CMHA performed an "occupancy verification" on the property and found it to be vacant. On November 10, 2015, CMHA sent a "Proposal for Termination" to Henson at the property, advising her that she was being terminated from the Section 8 program for "Failure to notify owner + CMHA before moving from unit or terminating lease. (SKIP/MOVE)." This notice also stated that Henson may request a hearing on the matter, which "must be received by CMHA within fifteen (15) days of the date of the notice." Therefore, CMHA would have had to receive Henson's hearing request by November 25, 2015.

{¶4} Henson, however, claims not to have received the November 10, 2015 notice until December 8, 2015, via email. On December 9, 2015, Henson filled out a

CMHA form requesting a copy of the termination notice be mailed to her at 16781 Chagrin Blvd., #147, rather than mailed to her at the property. On December 15, 2015, Henson filed a request for a hearing with CMHA regarding termination of her lease. Oh this form, Henson listed her address as 16781 Chagrin Blvd., #147, Shaker Hts., Ohio, rather than the property. CMHA denied Henson's request for a hearing on the same day, stating that the "hearing request was not timely submitted."

{¶5} On January 12, 2016, Henson appealed CMHA's decision to the Cuyahoga County Common Pleas Court and asked the clerk of courts to serve notice on the agency. CMHA received notice of the appeal on January 19, 2016. On February 16, 2016, CMHA filed a motion to dismiss, arguing that Henson failed to perfect the appeal in accordance with R.C. 2505.04, because she failed to file the notice of appeal with CMHA. The court granted CMHA's motion to dismiss on February 24, 2016, and this appeal followed.

## Standard of Review

{¶6} When reviewing an administrative agency's decision, "[t]he common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence." *Henley v. Youngstown Bd. of Zoning Appeals*, 90 Ohio St.3d 142, 147, 735 N.E.2d 433 (2000). The standard of review for appellate courts, however, "is more limited in scope and requires that court to affirm the

common pleas court, unless the court of appeals finds, as a matter of law, that the decision of the common pleas court is not supported by a preponderance of reliable, probative and substantial evidence." *Kisil v. Sandusky*, 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984).

**{¶7}** Additionally, "pro se litigants are held to the same standard as all other litigants: they must comply with the rules of procedure and must accept the consequences of their own mistakes." *Bikkani v. Lee*, 8th Dist. Cuyahoga No. 89312, 2008-Ohio-3130, ¶ 29.

<u>**Administrative Appeals**</u>

**{¶8}** R.C. 2506.01 "authorizes an appeal from a final order of a political subdivision of the state, such as a county housing authority." *Jacobs v. Cuyahoga Metro. Hous. Auth.*, 8th Dist. Cuyahoga No. 102248, 2015-Ohio-2278, ¶ 12. "The common pleas court, however, does not acquire subject-matter jurisdiction over the appeal unless and until the appeal is perfected." *Id.,* citing *AT&T Communications of Ohio, Inc. v. Lynch*, 132 Ohio St.3d 92, 2012-Ohio-1975, 969 N.E.2d 1166, ¶ 17.

**{¶9}** The procedure for perfecting administrative appeals is found in R.C. 2505.04, which states in pertinent part as follows: "An appeal is perfected when a written notice of appeal is filed, * * * in the case of an administrative-related appeal, with the administrative * * * agency * * *." Pursuant to R.C. 2505.07, administrative appeals must be perfected within 30 days after the agency enters the final order. Furthermore,

according to R.C. 1.14, which applies to administrative appeals, when computing the 30-day time limit in R.C. 2505.07, courts exclude the first day and include the last day.

{¶10} Ohio courts have ruled that "[a]lthough the person attempting to appeal does not have to use a particular method to deliver his notice of appeal to the administrative body, '[f]iling does not occur until there is actual receipt by the agency within the time prescribed by R.C. 2505.07.'" *Harris v. Akron,* 9th Dist. Summit No. 25689, 2011-Ohio-6735, ¶ 5, quoting *Welsh Dev. Co., Inc. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604,  946 N.E.2d 215, ¶ 18.

> The Ohio Supreme Court has determined that "an administrative appeal is perfected pursuant to R.C. 2505.04 when a party files a notice of appeal with the clerk of courts with instructions to serve a copy of the complaint and notice of the appeal on the administrative agency and the agency is served and receives notice of the appeal within the time period set forth in R.C. 2505.07."  *Welsh* at ¶ 1.

{¶11} According to the docket in the case at hand, the clerk of courts sent Henson's notice of appeal via FedEx to CMHA on January 13, 2016, and a CMHA representative signed for it on January 19, 2016.  CMHA argues that the 30-day time limit expired on January 14, 2016, but CMHA did not receive notice until five days later on January 19, 2016.  Thus, according to CMHA, the appeal was not perfected in a timely manner, and the court did not acquire jurisdiction to hear this case on its merits. Henson, on the other hand, argues that, because she "filed with the clerk of courts before the due date *with knowledge that they would serve the defendant*, there was an inherent assumption that this would perfect the appeal."   (Emphasis sic.)

**{¶12}** Upon review, we find that Henson did not perfect her appeal within 30 days of the December 15, 2015 final order, as required by R.C. 2505.07. *See Huffman v. Cleveland*, 8th Dist. Cuyahoga No. 103447, 2016-Ohio-496, ¶ 19 ("a 'filing' under R.C. 2505.04 for the purposes of perfecting an administrative appeal can be achieved by having the clerk of court serve the notice of appeal on the administrative agency, provided the service is timely"). Unfortunately, we are unable to review the merits of this case, because we are bound to follow the law and precedent of the Ohio Supreme Court. *Conrail v. Forest Cartage Co.*, 68 Ohio App.3d 333, 341, 588 N.E.2d 263 (8th Dist.1990). Accordingly, we find that the court had no jurisdiction over Henson's case, and the decision granting CMHA's motion to dismiss is supported by a preponderance of reliable, probative, and substantial evidence in the record. Henson's sole assigned error is overruled.

**{¶13}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

PATRICIA ANN BLACKMON, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
ANITA LASTER MAYS, J., CONCUR