**Deborah HOUSTON, Appellant,**

v.

**The CITY OF OKLAHOMA CITY, Appellee.**

**No. M–93–92.**

Court of Criminal Appeals of Oklahoma.

July 9, 1993.

Rehearing Denied Aug. 17, 1993.

---

## ACCELERATED DOCKET ORDER

On May 7, 1992, appellant was cited for Offering to Engage in an Act of Lewdness, Case No. 91–9088696 and Loitering to Solicit a Sex Act, Case No. 91–9088687, in the Municipal Court of Oklahoma City. Appellant was convicted by a jury of both offenses and sentenced to fifteen (15) days in the city jail and a fine of $150.00 on each count. The trial court ordered the sentences to run consecutively. From this judgment and sentence, appellant has perfected her appeal to this Court.

Pursuant to the *Rules of the Oklahoma Court of Criminal Appeals*, Rule 11.-2(a)(1), 22 O.S.Supp.1990, Ch. 18, App., this appeal was automatically assigned to the Accelerated Docket of this Court. In her application, appellant raised the following propositions of error: (1) The ordinance of Loitering for Purposes of Soliciting a Sex Act is unconstitutionally vague and overbroad, (2) The ordinance of Offering to Engage in an Act of Lewdness is unconstitutionally vague and overbroad, (3) Appellant's multiple prosecutions and convictions for one alleged act constitutes a double jeopardy violation pursuant to the United States Constitution and the Oklahoma law, (4) The conviction of the appellant upon insufficient evidence violated the defendant's right to a fair trial, (5) The information was fatally defective because it was insufficiently specific and stated mere conclusions, failed to state an offense against appellant, and failed to allege essential elements; thus depriving the trial court of jurisdiction in this case, (6) The failure to properly instruct the jury violated the appellant's right to a fair trial, and (7) The denial of meaningful discovery to the appellant by the Municipal Court of Oklahoma City violated the appellant's rights to a fair trial. The propositions were presented to this Court in oral argument on June 10, 1993, pursuant to Rule 11.5(c). Although Judge Chapel was not present for the oral argument, he has subsequently reviewed the audio tape of the hearing and is participating in the decision in this matter.

By a four (4) to zero (0) vote, the Court rules that Case No. 91–9088696, Offering to Engage in an Act of Lewdness should be AFFIRMED and that Case No. 91–9088687, Loitering to Solicit a Sex Act, should be REVERSED and REMANDED WITH INSTRUCTIONS TO DISMISS because the city ordinance under which appellant was convicted, § 30–86, is unconstitutionally vague and overbroad. *See Profit v. City of Tulsa*, 617 P.2d 250 (Okl.Cr.1980).

IT IS SO ORDERED.

/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Presiding Judge

/s/ Charles A. Johnson
CHARLES A. JOHNSON, Vice Presiding Judge

/s/ James F. Lane
JAMES F. LANE, Judge

/s/ <u>Charles S. Chapel</u>
CHARLES S. CHAPEL, Judge