Dear State Representative Colby Schwartz,
¶ 0 This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following questions: 1.Do the provisions of 21 O.S.Supp. 2007, § 1125[21-1125] prohibit a personsubject to the Sex Offender Registration Act, who is the custodial parentor legal guardian of a child who is an enrolled student at the school,from attending school-sponsored activities of their child when thoseactivities are on school property?
 2. Do the provisions of 21 O.S.Supp. 2007, § 1125[21-1125] apply to aperson subject to the Sex Offender Registration Act, if the criminal actthat required him or her to register as a sex offender did not involve avictim under the age of thirteen?
¶ 1 The pertinent part of 21 O.S.Supp. 2007, § 1125[21-1125], provides as follows:
 A. A zone of safety is hereby created around elementary, junior high, and high schools, licensed child care centers as defined by the Department of Human Services, playgrounds, and parks. A person is prohibited from loitering within three hundred (300) feet of any elementary, junior high, or high school, licensed child care facility, playground, or park if the person has been convicted of a crime that requires the person to register pursuant to the Sex Offenders Registration Act or the person has been convicted of an offense in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of Title 57 of the Oklahoma Statutes and the victim was a child under the age of thirteen (13) years.
 . . . .
 C. 1. A person shall be exempt from the prohibition of this section regarding a school or a licensed child care facility only under the following circumstances:
 a. the person is the custodial parent or legal guardian of a child who is an enrolled student at the school or child care facility, and
 b. the person is enrolling, delivering or retrieving such child at the school or child care facility during regular school or facility hours or for school-sanctioned or child-care-facility-sanctioned extracurricular activities.
 2. This exception shall not be construed to modify or remove any restrictions applicable to the person by court order, conditions of probation, or as provided by other provision of law.
Id.[1] To fully answer your question we must undertake to determine the intent of the Legislature in drafting the above language, looking first to its plain wording. City of Durant v. Cicio, 50 P.3d 218, 221
(Okla. 2002). Aiding in this search is a review of the statute's history, as an amendment to a prior statute may reasonably indicate legislative intent to alter the law. Irwin v. Irwin, 433 P.2d 931, 934
(Okla. 1965).
 History and Background
¶ 2 The legislation creating the "zone of safety" as it pertains to sex offenders was first enacted in 2003 and in pertinent part provided:
 A. A zone of safety is hereby created around elementary and junior high schools, licensed child care facilities, and playgrounds. A person is prohibited from being within three hundred (300) feet of any elementary or junior high school, licensed child care facility, or playground if the person has been convicted of lewd molestation, rape or sodomy in this state or any similar offense of another state or the United States and the victim was a child under the age of thirteen (13) years.
 . . . .
 C. 1. A person shall be exempt from the prohibition of this section regarding a school or a licensed child care facility only under the following circumstances:
 a. the person is the custodial parent or legal guardian of a child who is an enrolled student at the school or child care facility, and
 b. the person is enrolling, delivering or retrieving such child at the school or child care facility during regular school or facility hours or for school-sanctioned or child care facility-sanctioned extracurricular activities.
 2. This exception shall not be construed to modify or remove any restrictions applicable to the person by court order, conditions of probation, or as provided by other provision of law.
2003 Okla. Sess. Laws ch. 209, § 1 (codified at 21 O.S.Supp. 2003,§ 1125[21-1125]) (emphasis added). The title to the introduced bill, S.B. 554, refers to creation of a "safety zone." The original legislation, in effect, created a "zone of safety" constituting an area in a 300-foot radius of a school or day care facility but provided no other indications of legislative intent. Id. § 1125(A). As originally adopted, the provision relating to situations where the victim of the violent crime was a child under the age of 13 years would appear to apply not only to crimes committed in Oklahoma but also to acts in other states, which if committed in Oklahoma would subject the person to prosecution here. Id.
Thus, the original legislation was drafted in a way as to avoid equal protection questions, i.e., an Oklahoma perpetrator is dealt with the same way as a perpetrator from another state. See U.S. Const. amend. XIV, § 1;Thigpen v. State, 571 P.2d 467, 474-75 app. (Okla.Crim.App. 1977); Smithv. State, 646 P.2d 1285, 1287-88 (Okla.Crim.App. 1982).
¶ 3 The original legislation was amended in 2006 as follows:
 A. A zone of safety is hereby created around elementary and, junior high, and high schools, licensed child care facilities, and playgrounds, and parks. A person is prohibited from being within three hundred (300) feet of any elementary or, junior high, or high school, licensed child care facility, or playground, or park if the person has been convicted of lewd molestation, rape or sodomy in this state a crime that requires the person to register pursuant to the Sex Offenders Registration Act or any similar the person has been convicted of an offense of in another state or the United States jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of Title 57 of the Oklahoma Statutes
and the victim was a child under the age of thirteen (13) years.
 . . . .
 C. 1. A person shall be exempt from the prohibition of this section regarding a school or a licensed child care facility only under the following circumstances:
 a. the person is the custodial parent or legal guardian of a child who is an enrolled student at the school or child care facility, and
 b. the person is enrolling, delivering or retrieving such child at the school or child care facility during regular school or facility hours or for school-sanctioned or child-care-facility-sanctioned extracurricular activities, or
 c. the person is the custodial parent or legal guardian of a child that is participating in a school-sanctioned or child-care-facility-sanctioned activity and is accompanied by a person who is twenty-one (21) years of age or older that has no previous felony conviction for a crime that would require the person to register pursuant to the Sex Offenders Registration Act.
 2. This exception shall not be construed to modify or remove any restrictions applicable to the person by court order, conditions of probation, or as provided by other provision of law.
2006 Okla. Sess. Laws ch. 284, § 3 (amending 21 O.S.Supp. 2003, § 1125[21-1125]). This version of Section 1125 added a new subsection (c), having the apparent effect of exempting activities where the person is accompanied by a person over 21 years of age who has no previous felony conviction for a crime requiring registration under the Sex Offenders Registration Act ("SORA"). (Current version at 57 O.S. 2001 Supp.2007, §§ 581 — 590.1). Further, for the first time, the legislation refers to the SORA.[2] 2006 Okla. Sess. Laws ch. 284, § 3(C)(1)(c).
¶ 4 Further amendments were added by the 2007 Legislature, which in pertinent part provided:
 A. A zone of safety is hereby created around elementary, junior high, and high schools, licensed child care facilities, playgrounds, and parks. A person is prohibited from being within three hundred (300) feet of any elementary, junior high, or high school, licensed child care facility, playground, or park if the person has been convicted of a crime that requires the person to register pursuant to the Sex Offenders Registration Act or the person has been convicted of an offense in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of Title 57 of the Oklahoma Statutes and the victim was a child under the age of thirteen (13) years.
 . . . .
 C. 1. A person shall be exempt from the prohibition of this section regarding a school or a licensed child care facility only under the following circumstances:
 a. the person is the custodial parent or legal guardian of a child who is an enrolled student at the school or child care facility, and
 b. the person is enrolling, delivering or retrieving such child at the school or child care facility during regular school or facility hours or for school-sanctioned or child-care-facility-sanctioned extracurricular activities, or
 c. the person is the custodial parent or legal guardian of a child that is participating in a school-sanctioned or child-care-facility-sanctioned activity and is accompanied by a person who is twenty-one (21) years of age or older that has no previous felony conviction for a crime that would require the person to register pursuant to the Sex Offenders Registration Act.
 2. This exception shall not be construed to modify or remove any restrictions applicable to the person by court order, conditions of probation, or as provided by other provision of law.
2007 Okla. Sess. Laws ch. 32, § 1 (amending 21 O.S.Supp. 2006, § 1125[21-1125]) (eff. Apr. 18, 2007). Significantly, in this action the Legislature deleted the subsection (C)(1)(c) previously adopted relating to attendance at school-sanctioned activities.
¶ 5 The present version of the statute was adopted later in the 2007 legislative session, with pertinent provisions further amended as follows:
 A. A zone of safety is hereby created around elementary, junior high, and high schools, licensed child care facilities centers as defined by the Department of Human Services, playgrounds, and parks. A person is prohibited from being loitering within three hundred (300) feet of any elementary, junior high, or high school, licensed child care facility, playground, or park if the person has been convicted of a crime that requires the person to register pursuant to the Sex Offenders Registration Act or the person has been convicted of an offense in another jurisdiction, which offense if committed or attempted in this state, would have been punishable as one or more of the offenses listed in Section 582 of Title 57 of the Oklahoma Statutes and the victim was a child under the age of thirteen (13) years.
2007 Okla. Sess. Laws ch. 261, § 20 (amending 21 O.S.Supp. 2006,§ 1125[21-1125]) (eff. Nov. 1, 2007). In the latest amendment, the Legislature changed "being" to "loitering" within the zone of safety, and added language relating to child care centers as defined by the Department of Human Services, but left intact the previous language applying to situations where the victim is under the age of thirteen, exemptions from the act, references to convictions in other jurisdictions, and deletion of the prior subsection (C)(1)(c) relating to attendance at a school-sanctioned activity. It is in this context that we begin our analysis.
 Analysis of the Current Statute
¶ 6 By its terms, subsection (C)(1) of Section 1125, as most recently amended, does not provide an exemption from its prohibitions to allow a custodial parent or legal guardian subject to the terms of the act to attend school-sanctioned activities with his or her child when also accompanied by a person over 21 with no felony conviction for a crime that would require such other person to register under the SORA. Subsection (C)(1) was amended in 2006 to allow such attendance at school functions, but the Legislature effectively rescinded its action when it enacted a later version of the statute in early 2007 without this provision. Under the logic of the Irwin case, above, we conclude the deletion of subsection (C)(1)(c) indicates the intent of the Legislature to reconsider the former law and revert to a position in which a custodial parent, subject to the statute, is limited to those activities specified in (C)(1)(a) and (b). Irwin, 433 P.2d at 934; see Equity Ins.Co. v. Garrett, 178 P.3d 201, 204 (Okla.Civ.App. 2008).
¶ 7 Further, the statute changed "being" within 300 feet of a school or day care facility to "loitering" within such area. The term "loitering" has no statutorily defined meaning, so we must assume the Legislature intended the term to be that used in ordinary and usual parlance. Neer v. State ex rel. Okla. Tax Comm'n, 982 P.2d 1071, 1078
(Okla. 1999). The Merriam-Webster Collegiate Dictionary defines "loiter" as "1: to delay an activity with aimless idle stops and pauses: DAWDLE 2 a: to remain in an area with no obvious reason." Id. at 686 (10th ed.). The use of the term "loitering" in a criminal statute is problematic as numerous Oklahoma cases have held anti-loitering laws are unconstitutionally vague. See, e.g., Houston v. City of Okla. City,856 P.2d 574, 574 (Okla.Crim.App. 1993); Profit v. City of Tulsa,617 P.2d 250, 251 (Okla.Crim.App. 1980). However, we believe the present inquiry does not call into question the constitutionality of the statute, but merely its applicability in a specific context, that of lingering in a 300-foot-radius zone of safety as defined in the statute without any apparent purpose for being there.
¶ 8 In Section 1125's present form, we conclude the Legislature was undertaking to differentiate loitering within a zone of safety, i.e., lingering there with no obvious business, from merely being near a school or day care facility.[3] The term "being" near would arguably result in a person who stops near a school to pick up his or her child from a school activity, or who drives in front of a school or day care center without stopping, or comes to a convenience store within a block of the school to purchase something, being in violation of the statute. But "loitering" implies the person is hanging out near the school or day care center with no valid reason for being there. The Legislature then proceeded, in effect, to give meaning to its use of the word "loitering" in the context of a "zone of safety" when it specifically allowed a person, despite being subject to the SORA, to come to a school or day care center to drop off or pick up his or her child (i.e., a child over whom he or she has legal custody) in connection with a school-sanctioned activity. Such activity takes the action out of the realm of "loitering" for purposes of the statute. Further, such a construction of "loitering" would allow the passing motorist or convenience store customer scenarios to exist without fear of criminal sanction.
¶ 9 However, that does not end the analysis. We must now considerwhom the Legislature intended to include in its prohibitions. For if a person is not covered by the terms of the statute, he or she is not prohibited by Section 1125 from visiting a school with his or her child at any time or under any circumstances.
¶ 10 As earlier noted, the first version of Section 1125, enacted in 2003, prohibited a person who had been convicted of specified violent sex offenses in this state or another jurisdiction and whose victim was a child under the age of thirteen (13) years, from being within 300 feet of any elementary or junior high school, licensed child care facility or playground, except under very limited conditions, i.e., the person is a parent or legal guardian of a currently enrolled student and is enrolling, delivering or picking up the child from the facility. It is very important to note the prohibition, as originally enacted, pertained only to offenders whose victim was a child under 13 years of age.
¶ 11 As earlier discussed in the "History and Background" section, we believe it is imperative for the statute to treat perpetrators of crimes in this state, which require their enrollment under the SORA, in the same way as persons who now live in this state, but whose acts were committed in another state, and which, if committed here, would require the offender to register under our laws. Otherwise, we believe Section 1125 would be open to attack on equal protection grounds. Since the reason for creation of the "zone of safety" is presumably to protect young children from exposure to persons with a history of committing sex abuse crimes, we can see no reasonable basis for treating a perpetrator of a listed crime in Oklahoma any differently than a person now situated in Oklahoma, but whose offense was committed in another state.
¶ 12 The Legislature has taken three opportunities since its original enactment in 2003 to amend the statute. Despite these times when the Legislature could have modified or removed the proviso that the statute applies to perpetrators of sex crimes where the victim was a child under the age of thirteen (13) years, it has not done so. "[L]egislative silence, when it has authority to speak, may be considered as giving rise to an implication of legislative intent." City of Duncan v.Bingham, 394 P.2d 456, 460 (Okla. 1964); Owings v. Pool Well Serv.,843 P.2d 380, 383 n. 10 (Okla. 1992). Thus we conclude the Legislative intent was for the statute to apply to situations where the child victim is under the age of 13.
¶ 13 This "under the age of thirteen (13)" provision remains in the statute, despite three subsequent legislative revisions to other parts of the law. Thus we conclude the statute pertains only to those offenders subject to the SORA or offenders who have committed a crime in other jurisdictions that would have been punishable under 57 O.S.Supp. 2007,§ 582[57-582], if committed or attempted in Oklahoma and whose victim was under the age of 13. If the victim was age 13 or over, in our view, the statute is simply inapplicable.
¶ 14 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The provisions of 21 O.S.Supp. 2007, § 1125[21-1125] prohibit a person subject to the Sex Offender Registration Act ("SORA"), 57 O.S. 2001 Supp. 2007, §§ 581 — 590.1, whose victim was a child under the age of thirteen (13) years and who is the custodial parent or legal guardian of a child who is an enrolled student at a school, from attending their child's school-sponsored activities when those activities are on school property. Under this statute, such a parent or guardian may only enroll, deliver or retrieve his or her child at the school or educational facility during regular school or facility hours or for school-sanctioned or child-care-facility-sanctioned extracurricular activities.
 2. The provisions of 21 O.S.Supp. 2007, § 1125[21-1125] do not apply to a person subject to the SORA where the criminal act subjecting the person to registration as a sex offender did not involve a victim under the age of thirteen years.
W. A. DREW EDMONDSON Attorney General of Oklahoma
LYNN C. ROGERS Assistant Attorney General
[1] Section 1125 was amended in the 2008 legislative session, but the amendments are not germane to your questions. See 2008 Okla. Sess. Laws ch. 318, § 2(D) (amending 21 O.S.Supp. 2007, § 1125[21-1125](D)).
[2] See A. G. Opin. 08-20. Under the SORA, a person convicted of an offense included in the statute, whether committed in this state or in another state, is required to register as a sex offender in accordance with the SORA. Id. at 5.
[3] While the view of an individual legislator has no precedential value on the interpretation of a statute (see People's ElectricCooperative Inc. v. State ex rel. Oklahoma Corporation Commission,50 P.3d 579, 583 n. 5 (Okla.Civ.App. 2002)), the author of this Opinion spoke by phone with Representative Gus Blackwell, the author and principal sponsor of House Bill 1760, which in relevant part was ultimately approved as 2007 Okla. Sess. Laws ch. 261, § 20, the statute at issue in this Opinion. Representative Blackwell confirmed that the change from "being" to "loitering" was in the introduced version of H.B. 1760 and was intended to permit a person to come within the "zone of safety" for a legitimate purpose, particularly to drop off or pick up a child in the vicinity of a school or day care center. *Page 1